HENRY MAACK, Respondent, v. PHILIP W. SCHNEIDER, Appellant.

St. Louis Court of Appeals, November 9, 1892.

1. **Pleading**: EXTENSION OF TIME FOR PAYMENT OF DEBT. In a suit on a contract for the payment of a debt it is not necessary for the plaintiff to plead an agreement between himself and the defendant, which does not modify the original contract, but merely amounts to an extension of the time for the payment of the debt.

2. **Accord and Satisfaction**: SETTLEMENT OF DISPUTED CLAIM. The tender and acceptance of less than the amount of a disputed claim in settlement of the entire claim is binding, and operates as a satisfaction of the claim.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Lubke & Muench*, for appellant.

*Ben. J. Klene*, for respondent.

THOMPSON, J.—The defendant appeals from a judgment against him in the sum of $500, recovered by the plaintiff for services as architect and superintendent. In order to a clear understanding of this case it seems necessary to set out the pleadings. The petition is as follows:

"Now comes the plaintiff, and for cause of action, says that heretofore, to-wit, on the twenty-fourth day of May, 1887, in the city of St. Louis, he agreed, at the special instance and request of the defendant, to render his services to defendant as an architect, in forming and drawing the plans and specifications and detail drawings, and in superintending the erection of seven houses proposed to be erected by defendant'on Park and Jefferson avenues, in the said city; that, pursuant to said agreement, plaintiff did form and draw the plans and specifications and detail drawings for said seven proposed houses, and did deliver them to defendant, who did then and there approve and accept them; that thereafter three of said seven houses were erected on the general plans and specifications so formed and drawn by plaintiff; that the plaintiff also superintended their erection; that plaintiff was paid in full for all services rendered in drawing the plans, specifications and details, and in superintending the erection of said three houses; that the defendant has never erected the said remaining four houses; that defendant has never paid plaintiff for his services in forming and drawing the plans, specifications and details for said proposed four houses; that the reasonable cost of said houses, if erected on the plans formed and drawn by plaintiff, and approved and accepted by defendant, would be $20,000. · Plaintiff further says that he has ever stood ready and willing to render his services to defendant in superintending the erection of said four remaining proposed houses, but defendant has wholly failed, neglected and refused to erect them.   Plaintiff further says that the reasonable value of his services in forming and drawing the plans and specifications and detail drawings of said four remaining proposed houses is three and one-half per cent., calculated on the cost of their erection; that a · reasonable charge for superin-

tending their erection would be one and one-half per cent. of the cost of their erection. Plaintiff further says that the defendant then and there promised to pay him the reasonable value of his services (to-wit, $1,000), rendered and to be rendered on said proposed four houses, but has wholly neglected and refused to do so, to the damage of plaintiff in the sum of $1,000, for which sum, together with interest and costs of suit, he prays judgment against defendant."

The answer is as follows:

"Defendant, for answer to plaintiff's petition, denies generally all the allegations of said petition.

"Further answering, the defendant alleges that on November 3, 1888, and after the times alleged in plaintiff's petition he, said defendant, paid plaintiff $136.41, in full of all demands of plaintiff against defendant; that said payment was accepted by plaintiff on said November 3, 1888, in full of all his demands against defendant, real or pretended; and that, by reason of the premises and of the payment aforesaid, the defendant is entitled to judgment discharging him from all further liability on any account whatsoever to plaintiff."

To this answer the plaintiff filed the following reply:

"Now at this day comes plaintiff, and, for reply to the new matter in defendant's answer, denies that the same is true, and further says that the money paid on November 3, 1888, as therein alleged, was the balance due for the services rendered on the three houses actually erected, as alleged in the petition."

By these pleadings the plaintiff affirms the proposition of fact that, at the request of the defendant, the plaintiff made certain plans, specifications and details, for *seven* houses to be erected by the plaintiff, *three* only of which the plaintiff erected, and that the defendant has paid him for making such plans, specifications and details, in respect of three houses, and

also for his services in superintending their erection, but has not paid him for making the plans, specifications and details of the other four which defendant has not erected, and has not paid him for what he would have made in superintending their erection. By these pleadings the defendant sets up a settlement in full between the plaintiff and the defendant of all demands alleged in the petition, and the plaintiff controverts the fact of this settlement, and alleges that it was only a settlement for his services rendered in connection with the three houses which were erected.

The plaintiff's evidence, consisting of his own testimony alone, tended to support his propositions of fact, both as to the rendition of the services and their reasonable value,—except that it does not support, under principles of law, a recovery for what he would have made as superintendent had the defendant erected the four other buildings, and had the plaintiff superintended their erection. But this is immaterial, because it is quite clear that the verdict, which the jury rendered in favor of the plaintiff in the sum of $500 does not include this element of damage.

The defendant in his testimony admitted that he employed the plaintiff to make drawings and specifications for seven houses to be by him erected, as stated in the petition, but with this qualification, that all seven of the houses were not to cost more than from $15,000 to $18,000; and he testified that, when these plans were submitted to him, involving an expenditure of from $36,000 to $40,000, he informed the plaintiff that those were not the kind of houses which he wished to erect, and that he could not erect so expensive a collection of houses for want of money. But the defendant admits that he did erect three of them at a cost of something in excess of $16,000, and that he settled with the plaintiff and paid him on the basis of a fee of five per

cent. for his services in connection with these three houses, allowing him for some additional expenditures, which settlement the defendant claims the plaintiff accepted as a settlement in full of all to that date in respect of all the houses. The plaintiff's evidence on the other hand tended to show that the settlement was merely a settlement for his services in connection with the three houses which were built, and that the payment for services in connection with the other four houses was by express agreement postponed with the understanding that those houses would be built; that the plaintiff would have the superintending of the building of them, and that he would wait a "reasonable time" for the defendant to enter upon the work of building; and the plaintiff having waited four and a half years concluded that this "reasonable time" had more than elapsed and brought this action.

Substantially what took place at this settlement is detailed in the evidence, on the one side by the plaintiff himself, and on the other by the wife and two sons of the defendant. The evidence shows without dispute that, on the third day of November, 1888, the plaintiff presented at the house of the defendant the following bill, the defendant being at that time absent in Europe:

ST. LOUIS, November 2, 1888.

*Mr. Ph. W. Schneider*, To H. Maack, *Dr.*,
      Architect and Drawing Teacher.

| | | |
|---|---|---|
| 1888. | To planning and superintending three houses as per agreement, five per cent. of $15,483.77 | $774 20 |
| Feb. 18. | To three men assistance by putting out stakes on lot, | 5 15 |
| May 1. | To advertisement paid for carpenter, reduced on carpenter's bill | 1 50 |
| July 29. | To closing front openings on buildings, reduced on carpenter's bill | 2 00 |
| Aug. 31. | To a workman, cleaned wainscoting, reduced on carpenter's bill | 2 70 |
| Aug. 31. | To paid a small bill for digging, to post contractor | 90 |
| | | 786 45 |
| | To planning of four more houses, two per cent. on account estimated at $20,000 | 400 00 |
| | | $1186 45 |

Maack v. Schneider.

By cash, 1887. Feb. 27, $100.00; May 24, $100.
By cash, 1888. Feb. 1, $50.00; Feb. 13, $50.00; April 33, $25.00;
May 6, $25.00; June 5, $25.00; June 25,
$100.00; July 17, $100.00; Aug. 15, $50.00;
Oct. 25, $25.00............. ............... 650 00

Balance............................. ...... $536 45

According to defendant's evidence Mrs. Schneider instructed her sons not to make a settlement with the plaintiff, unless it were a settlement in full. The plaintiff wrote out and tendered to her a receipt, which she refused. Her oldest son then wrote out a receipt and tendered it to the plaintiff. To this receipt the plaintiff added, in his own handwriting, the words, "on said three buildings in a row." Young Mr. Schneider then said to the plaintiff that he would not pay the sum mentioned in the receipt, unless he would accept it in full of all demands for whatever he had done for them. To this he assented. Mr. Schneider accordingly drew a pen through the words above quoted, which the plaintiff had added to the receipt, and in this condition the plaintiff signed it. The receipt, as thus erased and signed, reads as follows, exhibiting the erasure:

"ST. LOUIS, November 3, 1888.

"Received of Philip W. Schneider, from the hands of P. W. Schneider, Jr., $136.45 for planning and superintending houses erected on the northeast corner of Jefferson avenue and Park avenue, the same being payment in full of all demands to date on said three buildings in a row.     HENRY MAACK."

Mrs. Schneider and her sons, not having the money in the house, gave him, in settlement of the balance thus agreed to be due him, the following due-bill, which he afterwards collected:

"ST. LOUIS, November 3, 1888.

"Due Henry Maack the sum of $136.45 for services rendered in superintending and planning houses erected

VOL. 51—7

on Park and Jefferson avenues, the same being payable on or before November 22, 1888.

"PHILIP W. SCHNEIDER,

"By P. W. SCHNEIDER, Jr."

On the other hand, the plaintiff's evidence is substantially to the effect that there was no controversy at the settlement about his right to receive pay for making the plans, specifications and details of the four houses which had not been erected, but that the settlement of that part of his bill was postponed with the understanding that the houses would be built within a year, or at least within a reasonable time, and that he should have the superintending of the building of them, and should be paid accordingly. He testifies that the words erased in the above receipt were not erased before it was signed. In other words, while he does not say so in express language, his testimony necessarily involves the charge of a subsequent fraudulent alteration of the receipt by erasing the words in question.

I.   Before proceeding to the main questions which arise on these pleadings and this evidence, we shall get out of the way an objection which the defendant makes to the following instruction, given for the plaintiff: "If the jury finds for plaintiff, you will assess his damages in such sum as you may believe from the evidence his services in forming and drawing the plans, detail drawings and specifications for the four houses not erected were reasonably worth."

The objections raised to this instruction are that it assumes facts controverted and in issue; that it takes for granted that the plaintiff formed and drew the plans, detail drawings and specifications, and assumes that they were perfect; that it assumes that he drew the details, when, according to his own testimony, these are not required until the mechanics are at work

upon the building; and that it authorizes a recovery without finding that the drawings and specifications were delivered to the defendant. These objections seem to us untenable. The instruction is not, and does not purport to be, an instruction upon the grounds of recovery, but merely on the measure of damages. The plaintiff's testimony shows that he made the plans and detail work for the four houses in question, and that he delivered the plans for two of the houses to the defendant. The plans and details of the other two he had in his possession, and they were exhibited to the jury, including some forty pages of specifications. The instruction, therefore, seems to be within the evidence, so far as it uses the word "specifications." Nor is it a good objection that all these plans, drawings and specifications were not delivered to the defendant, because the plaintiff's evidence is to the effect that it is usual for the architect to keep them after they had served the use intended, and that he stored them for the defendant.

II.   We shall now consider a more serious contention of the defendant. It is that the court should have given his instruction for a nonsuit, because the plaintiff has brought his action and framed his petition upon the contract as originally made, according to his version of it, whereas he seeks to recover upon the contract *as modified* by the settlement of November 3, 1888. In support of this contention the learned counsel for the defendant appeal to the rule that, while contracting parties may modify their contracts by a subsequent agreement, yet, if one of them afterwards sues the other upon it, he must declare upon it as modified; he must distinctly set forth in his petition the agreement which produced the change. This principle was laid down in *Henning v. Ins. Co.*, 47 Mo. 425, and in *Lanitz v. King*, 93 Mo. 513, and it is of course not questioned.

But it seems to have no application to the plaintiff's version of the settlement in this case. All that that version, stated most favorably for the defendant, amounts to is that the plaintiff agreed to postpone the payment of a part of the bill which he had rendered to wait a subsequent event. It seems to be essentially like the common case, where a creditor demands payment of what is due him, gets part of it, and agrees to indulge the debtor a while longer for the balance; in which case he would not, in stating his cause of action, refer to the subsequent agreement of indulgence or extension, unless it might become necessary to do so in order to take his case out of the statute of limitations. We, therefore, do not see that the plaintiff has recovered on a contract different from that stated in the petition; and we accordingly overrule this assignment of error.

III.   The third assignment of error complains of the refusal of the following instruction, tendered by the defendant:   "If from the evidence the jury believe that plaintiff, on and before November 3, 1888, presented to defendant an account of all his demands against the defendant, including $400 on account of the demand now sued for by him here; and if you further believe that defendant then, by his agent, disputed said claim; that, as a result of such contention, defendant, acting therein by his agents, agreed to pay plaintiff a balance of $136.45 in full of all demands to that date; and if you further find that plaintiff accepted said offer of defendant; that defendant, by his agent, then and there paid the sum of $136.45 to plaintiff in full of all demands, and that plaintiff accepted the same as offered, then the jury will find for defendant."

This instruction clearly states the true conclusion of law upon the hypothetical facts there predicated. The principle of law invoked is clearly stated by

ROMBAUER, P. J., in giving the opinion of this court in *Deutmann v. Kilpatrick*, 46 Mo. App. 629, in the following language: "Payment of a part of a conceded debt in satisfaction of the whole is no liquidation, and even an agreement so to receive it is not supported by any consideration, and, therefore, not binding. But, where the claim is disputed, a party must accept a tender as made, or must reject it; he cannot accept it and prescribe the terms of acceptance." Of course, it is the fact of a dispute or controversy as to what is due, which furnishes the consideration for the settlement and upholds it as a contract. If then there was substantial evidence supporting the hypothesis of fact contained in this request for an instruction, it was clearly error to refuse it. The plaintiff meets this assignment of error with the argument that there was no such evidence; but we cannot agree with the plaintiff's interpretation of the record on this point. The plaintiff, as above shown, presented a bill (already set out) containing an item of $400, for his services in respect of the four houses which had not been built. A settlement was in fact made, which disallowed this item; and, according to the defendant's evidence, the defendant insisted that that settlement should be a settlement in full of all demands of the plaintiff against the defendant to that date, to which, according to the same evidence, the plaintiff finally acceded. The testimony given by the defendant was to the effect that the plaintiff and the defendant had previously agreed that, in consideration of the defendant using the plans made by the plaintiff for the erection of the three houses which were erected, the defendant would accept five per cent. on the cost of their construction in satisfaction of his entire claim for making plans, etc., of the seven houses. According to the evidence of the defendant's agent, the defendant did so accept it. This certainly indicates

that there was some dispute touching every part of the plaintiff's demand, including that part which was actually paid. The evidence tended to show that there was also some dispute as to the small items which were actually paid. There was also, according to the defendant's evidence, something in the nature of a "contention," as shown by the statement of his witnesses, that his agent refused to accept the receipt which had been drawn by the plaintiff, but wrote out another one to which the plaintiff made the addition already stated, which addition defendant's agent struck out before signing the receipt. There was, it is true, no evidence of a "dispute" or "contention" in the sense of a quarrel; nor is such a dispute or contention necessary to invoke the principle of law above stated. We, therefore, take the view that, in refusing this instruction, the court excluded from the consideration of the jury the defendant's theory of this settlement, as pleaded in his answer and supported by substantial evidence, and that this ruling was error.

The judgment is accordingly reversed, and the cause remanded. All the judges concur.