Cameron v. Hart.

---

J. C. CAMERON *et al.*, Respondents, v. DAVID A. HART, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Justices' Courts:** AMENDMENT OF ACCOUNT SUED ON. The account sued on before a justice of the peace purported to be "for 82604 feet of logs at $2 per thousand feet." *Held* that it could be amended so as to make it an account for the hauling of said logs at said rate.

2. **Practice, Appellate:** DE MINIMIS NON CURAT LEX. An instruction warranted a recovery of ninety-two cents, and the verdict was actually twelve cents, in excess of the amount sued for. *Held,* that the instruction was harmless, and the excess in the recovery too small to require a remittitur.

3. **Witnesses:** INSTRUCTION FOR DISREGARD OF TESTIMONY. The evidence in this cause is *held* to warrant the giving of an instruction, authorizing the jury to disregard the testimony of any witness who had willfully sworn falsely as to a material fact.

Cameron v. Hart.

4. **Instructions**: IGNORING OF ISSUES. The instructions in this cause are *held* to have been erroneous, because they entirely ignored a defense established by the evidence.

*Appeal from the Butler Circuit Court.*—Hon. John G. Wear, Judge.

Reversed and remanded.

*Lentz & Standard* for appellants.

(1) The statement filed was too indefinite and uncertain to constitute a cause of action, and not sufficient to apprise the defendant of what he was charged with, or to bar another action for the same cause. It states no cause of action. *Rosenberg v. Boyd*, 14 Mo. App. 429; *Hill v. St. Louis, etc., Co.*, 90 Mo. 104; *Nutter v. Houston*, 32 Mo. App. 452. The statement, as amended on the trial, was an entire substitution of one cause of action for another, the original statement being an account as for logs sold, while the statement as amended was an account for hauling logs. R. S. 1889, sec. 6345; *Sandeen v. Railroad*, 79 Mo. 278; *Clark v. Smith*, 39 Mo. 498; *Boughton v. Railroad*, 25 Mo. App. 10; *Swartz v. Nicholson*, 65 Mo. 508; *Brashears v. Strock*, 46 Mo. 222. (2) The verdict and judgment were excessive; they slightly exceeded the amount claimed by the plaintiffs in their statement. (3) The court erred in instructing the jury in regard to discrediting the testimony of witnesses who had willfully sworn falsely. There was no evidence to support or warrant such an instruction. *Evans v. Railroad*, 16 Mo. App. 525; *Batterson v. Vogel*, 10 Mo. App. 239; *Iron Mountain Bank v. Murdock*, 62 Mo. 74; *White v. Maxcey*, 64 Mo. 539.

No brief filed for respondent.

BOND, J.—This action was begun before a justice on the following statement:

"J. S. Cameron and B. Man, account against David A. Hart for (hauling) 82,604 feet (of logs) at $2 per thousand feet, amount, $57.08.

"J. S. CAMERON."

Except that the word hauling was omitted.

After trial and judgment for plaintiffs the defendant appealed to the circuit court, where plaintiffs amended their statement by interlining therein "hauling," and thereupon the case was tried and a verdict and judgment rendered for plaintiffs in the sum of $57.20, from which defendant has appealed to this court.

The evidence on the trial was conflicting, and presented two theories of the case. The testimony of the two plaintiffs and one Charles Porter was to the effect that defendant employed plaintiffs to haul lumber for him at the price of $2 per thousand feet, and that the amount of lumber sued for was hauled by plaintiffs under this agreement and delivered at Ball's mill.

On the other hand the defendant and two other witnesses testified to the effect that he sold the lumber sued for at $1.50 per thousand (including cutting), and that plaintiffs then sold the lumber for $3.50 per thousand to one Ball who paid defendant fifty cents per thousand for the lumber.

Witness Ball also testified that he paid plaintiffs for the lumber partly in supplies while they were delivering the lumber, and in part by giving them credit on accounts they were owing before commencing the work.

This statement was contradicted by plaintiffs, one of whom claimed that the supplies furnished him were not on account of this lumber, and that Ball owed him

$200 or $300. The other stated that what he recovered in this suit was to go to Ball in payment of an account in his favor against this plaintiff.

The court instructed the jury as follows:

"The court instructs you, gentlemen of the jury, that, if you should believe from the testimony in this cause that the defendant contracted with the plaintiffs to haul logs from his clearing to the tram, and was to pay them therefor at the rate of $2 a thousand feet, then you should find a verdict for the plaintiffs and assess their damages in such sum as you believe the plaintiffs are entitled to from the defendant for such hauling, and not to exceed the sum of $58.

"If you believe from the testimony that there was no such contract between the plaintiffs and the defendant, but that the defendant sold the timber to plaintiffs, and that plaintiffs sold the timber to witness Ball, then your verdict should be for the defendant. The burden of establishing the case by the greater weight of the evidence rests upon the plaintiffs.

"You are the sole judges of the weight of the evidence and of the credibility of the witnesses, and if you believe that any witness has willfully sworn falsely as to any material fact in the case, then you are at liberty to reject the whole or any part of the testimony of such witness."

The first assignment of error is that the statement fails to state a cause of action. The statement was defective and uncertain as filed in the justice's court, but it was rendered sufficient by the amendment in the circuit court when the word "hauling" was interlined therein. This amendment did not state a different cause of action from that filed before the justice; it merely rendered "definite and certain" what was the cause of action contained in the statement. The

amendment was therefore proper.    R. S. 1889, sec. 6345.

Nor is there any merit in the contention that there was no evidence to go to the jury.    Appellant's abstract is very *imperfect* in its recital of the evidence.    The transcript, however, *does* show that there was substantial evidence tending to prove respondent's right to recover under proper instructions.

Appellant complains that the first instruction, *supra*, given by the court, authorized a recovery for ninety-two cents more than was claimed in the statement of respondent.    Under this instruction the excess of the verdict over the amount sued for was only twelve cents.    The instruction was therefore a harmless technical error, and the excess of recovery is too small to authorize us to direct a remittitur.    It is a proper instance for the application of the maxim, *De minimis non curat lex.*

Appellant's last point is that the court erred in the instruction, to the effect that the jury *might* disregard the testimony of any witness if they believed he had willfully sworn falsely as to a material fact.    The objection made to this instruction is that it cast discredit on the testimony, and worked injury to appellant.

There was a direct conflict between the witnesses, —three on each side—and the testimony was irreconcilable.    We do not think that the judge who presided at the trial, and who was therefore better qualified to "determine the propriety of giving or refusing such an instruction," committed any error in giving the instruction in question under the circumstances shown in this record.

There is, however, an objection to the instructions given by the court, which necessitates the reversal of this case.    There was some evidence that there was a

payment to one of the parties with the consent of the other. This issue should have been submitted to the jury. Since it was completely ignored in the instructions, the judgment herein must be reversed and the cause remanded. It is so ordered. All concur.