HENRY MAACK, Appellant, v. PHILIP W. SCHNEIDER, Respondent.

St. Louis Court of Appeals, April 3, 1894.

1. **Practice, Appellate:** RES ADJUDICATA. When there is no substantial difference in the evidence, the ruling of this court on an instruction establishes the law for the subsequent retrial of the cause.

2. **Contracts:** LIABILITY FOR PLANS FOR BUILDINGS. If a person contracts with a builder for plans for a building of a specified cost, and the building for which the plans are prepared will cost largely in excess of the limit, he is not liable for the contract price of the plans.

3. **Instruction Covering Entire Case:** DISREGARD OF ADVERSE CLAIMS. An instruction covering the whole case must be so framed as not to exclude the consideration of the evidence of the adverse party.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Benj. W. Klene* for appellant.

*Lubke & Muench* for respondent.

ROMBAUER, P. J.—This cause was heretofore before this court. 51 Mo. App. 92. On the first trial plaintiff recovered a judgment for $500, which we reversed

for error in the refusal of an instruction asked by defendant. The instruction was to the effect that, if plaintiff's claim was disputed, and upon a settlement had the defendant offered to the plaintiff a less amount than the plaintiff claimed *in full of all demands*, and the plaintiff accepted the sum thus offered, the judgment must be for the defendant. Upon a retrial of the cause the instruction was given, and the defendant recovered judgment.

One of the errors now assigned by the plaintiff, who appeals, is that this instruction was improperly given upon the second trial, as there was no substantial evidence of any dispute between the parties. The facts of the case are very fully stated in our former opinion, and need not be reiterated here. It suffices to say, for the purpose of disposing of this first assignment, that there was no substantial difference upon the first and second trial concerning the hypothetical facts on which this instruction is based. This disposes of that assignment, since, according to the uniform law of this state, our first opinion established the law for the guide of the trial court on a subsequent trial. *Metropolitan Bank v. Taylor*, 62 Mo. 338.

The other error assigned is that the court refused a number of instructions asked by the plaintiff, and gave one for the defendant which told the jury, in substance, that, if the plaintiff agreed to make for the defendant plans for seven houses, which, if constructed according to the plans, were to cost no more than $18,000, the defendant was not bound to pay for plans and specifications for seven houses which would cost $35,000. As there was evidence to support this instruction, and as it states the very obvious proposition of law that one who buys one thing is not thereby bound to pay for another and different thing, the assignment is not tenable.

Maack v. Schneider.

For the purpose of disposing of the remaining assignment, we briefly restate the evidence in the case. The plaintiff is an architect, who at defendant's request prepared plans for seven houses. The plaintiff's evidence tends to show that he was not limited as to cost of erection. The defendant's evidence tends to show that the plaintiff was limited to a cost not exceeding $18,000 for the seven houses. The plaintiff prepared the plans and delivered them to the defendant with an estimate showing the cost of their erection to exceed $33,000. The defendant submitted the plans to some builders, who estimated the cost of their erection at $40,000 and more. In the meantime the defendant had paid to the plaintiff $200 · on account. It appearing that the cost would largely exceed the amount which the defendant desired to expend, the project of building the houses was abandoned. While there is no conflict in the evidence that the plans were delivered to the defendant, the evidence is conflicting as to whether they were retained by him, the plaintiff asserting that they were, and the defendant asserting that he returned them. If the defendant's evidence is to be credited, it is difficult to see how, up to that state of the case, the plaintiff had any cause of action against the defendant. Taking the defendant's evidence to be true, it left the plaintiff in receipt of $200 to which he had no legal claim. This transpired in 1887, and all the evidence concedes that the building of the houses was then temporarily abandoned. In 1888 the defendant inquired of the plaintiff whether he could so change the plans as to build only three houses of the seven. The defendant agreed that, if plaintiff would do so, he would pay him five per cent. of the cost of the houses for his services in drawing the plans for them, and superintending their erection. To this proposition the plaintiff agreed. He remodeled the plans, and three

houses were erected at a cost of $15,483.77. The plaintiff was paid five per cent., or $774.20, for his entire work. When the parties came to settle, the plaintiff claimed an additional compensation of $400 for drawing the plans for the four houses not erected. The defendant denied this claim, asserting that the contract entered into in 1888 was in substitution of the contract entered into in 1887, and that the plaintiff was entitled only to five per cent. on the cost of the houses actually erected. There is conflict in the evidence as to whether the final payment was made to the plaintiff with a full understanding on his part that it discharged the defendant's entire obligation. The instructions of the court put the entire burden of showing this upon the defendant, and the defendant acquitted himself of the burden by establishing the fact by the testimony of his wife and his two sons, all of whom were present at the settlement, their testimony being opposed by that of the plaintiff alone.

The plaintiff now complains that his instructions should have been given. They were to the effect that, unless the final settlement was supported by an independent consideration, it was not binding upon the plaintiff, and the jury should find for the plaintiff. The difficulty with the plaintiff's instructions is, that each of them concludes with a peremptory order to find for the plaintiff, if the jury found the hypothetical facts stated in the instructions in his favor, and ignores the defendant's evidence which was to the effect that the contract of 1887 was superseded by the contract and compromise of 1888, which, if true, was of itself fatal to plaintiff's recovery. *Deutmann v. Kilpatrick*, 46 Mo. App. 624; *Perkins v. Headley*, 49 Mo. App. 556; *Green v. Railroad*, 82 Mo. 653; *Mitchell v. Henley*, 110 Mo. 598; *Dunham v. Griswold*, 100 N. Y. 224. No rule of practice is better settled, than the one which

requires an instruction covering the whole case to be so framed as not to exclude from the jury the consideration of an adversary's evidence. *Iron Mountain Bank v. Murdock*, 62 Mo. 70; *Crews v. Lackland*, 67 Mo. 619; *Stocker v. Green*, 94 Mo. 280; *Fink v. Phelps*, 30 Mo. App. 431.

It results that the judgment must be affirmed. So ordered. All concur.