EXODUS CARROLL, Respondent, v. THE PEOPLE'S RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 15, 1895.

| 60 | 465 |
| 84 | 503 |
| 60 | 465 |
| 96 | 56 |

Instruction Covering Entire Case: IGNORING OF DEFENSE. An instruction covering the whole case is erroneous and prejudicial, if it excludes any theory of right or defense arising under the entire evidence, unless such theory is presented to the jury by another qualifying instruction.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*G. A. Finkelnburg* for appellant.

*Laughlin, Wood & Tansey* for respondent.

BOND, J.—This suit is for personal injuries, alleged to have been caused by negligence of the defendant in

allowing two of its trains of street cars, going in opposite directions, to pass each other on a curve in its track caused by the intersection of two streets at right angles, whereby plaintiff, who had alighted from one car just before reaching the curve, was struck by one or both as they passed each other. The answer was a general denial and a plea of contributory negligence.

On the trial plaintiff testified that he resided just beyond a junction of two streets forming a curve in defendant's track; that a little north of the curve in question there was a crossing, where plaintiff usually got off the car in going to his home; that the car on which he was a passenger, in response to his signal, stopped at this crossing with a jerk, and he alighted and was struck by the gripcar of a train coming the other way; that, when he observed this train, he tried to get back on the car from which he had stepped off but could not, as it did not stop; that, when he was struck by the approaching train, "it was running north and south straight;" that he had observed it coming before it reached the curve, but supposed it would be detained until the car on which he had ridden had passed the curve, which he had observed had the right "to pass on that curve first;" that plaintiff was severely injured.

For the defendant there was testimony that plaintiff was warned by a passenger, the gripman and conductor of the train on which he was riding, of the approach of the train from the opposite direction, and told "to look out for the car;" that despite these warnings plaintiff alighted, after some hesitation, just in front of the approaching car, and when it was distant thirty or forty feet. There was also evidence for the defendant that, according to the company's rules and the custom of running its trains, the car which was approaching the one from which plaintiff got off had the right to

cross the curve first, and that on the occasion of the accident the car on which plaintiff had been riding stopped before it got to the curve and did not cross the same until the other train had passed over the curve; that the gripman in charge of the approaching train used every effort to stop the same when observing plaintiff's danger. There was a verdict and judgment for plaintiff for $750. Defendant appealed, and assigns as error the giving by the court, at plaintiff's instance, of the following instruction:

"If the jury believe from the evidence that it was the practice of defendant, in operating its trains prior to the happening of the injury complained of, not to allow east and west-bound trains to pass each other on the curve in its tracks at the southeast corner of Lafayette Park, but to stop one train until the other passed around the curve; and if the jury further believe from the evidence that on September 11, 1893, plaintiff was a passenger on one of defendant's west-bound trains, seated on the east side of the front or gripcar, and at a point north of the north end of said curve signaled defendant's servants in charge of said train to stop the train for him to get off, and thereupon the speed of said train was sufficiently checked to warrant a reasonably prudent man in alighting from it at a point north of the north end of said curve; and if the jury further find from the evidence that, upon said train being so checked in speed, plaintiff, relying upon said practice of defendant of not allowing its trains to pass on said curve, and while exercising ordinary care for his own safety under the circumstances, alighted from said train, and, by reason of the negligence of defendant's servants in charge of said train, and of the negligence of its servants in charge of the west-bound train, said trains were negligently caused to pass each other on said curve, and thereby plaintiff was thrown to the

ground by one or both of said trains, and suffered the injuries complained of; then your verdict should be for the plaintiff."

The foregoing instruction was intended to define plaintiff's right to recover under all the evidence. It was the only one given, except a direction as to the credibility of witnesses and the elements of damages for the injury sustained. The instructions given for the defendant were to the effect that negligence can not be presumed, but must be proven; that contributory negligence on the part of plaintiff would defeat a recovery, unless there was supervening negligence on the part of the defendant, and that an injury caused by mere accident or misadventure, free from negligence on the part either of plaintiff or defendant, was not the basis of an action.

While it is true, that "all instructions given in a case should be taken and read together, and, if being so read they are harmonious, consistent and not calculated to mislead, a judgment should not be reversed simply because any one or more of the series, standing alone, do not embrace all the issues," yet it is the settled law of this state that an instruction covering the whole case is erroneous, if it excludes any theory of right or defense arising under all the evidence, unless the theory thus ignored is presented to the jury in other qualifying instructions. *Spillane v. Railroad*, 111 Mo. *loc. cit.* 564; *Maack v. Schneider*, 57 Mo. App. 431; *Cameron v. Hart*, 57 Mo. App. 142; *Evers v. Shumaker*, 57 Mo. App. 454; *Wood Machine Co. v. Bobbst*, 56 Mo. App. 427.

In the case at bar plaintiff could only recover on the theory, that the car from which he alighted had the right of way over the curve; for, if the other car was entitled to pass the curve first, it is apparent that plaintiff's act, in alighting on the verge of the curve in front

of an approaching train, was such contributory negligence as would defeat his recovery under the uncontradicted evidence as to the care exercised by the servants of the defendant in trying to stop the coming train after they saw plaintiff's peril. Plaintiff's testimony affirmed the theory, that the train on which he was a passenger had a prior right to cross the curve; defendant's evidence affirmed the theory that the other train was entitled to precedence in crossing the curve. Upon the issue thus formed depended the rights of the parties to this action. It was wholly ignored in the instruction, *supra*, nor was it presented to the jury by any other instruction given in the case. This was a fatal defect, necessitating the reversal of this judgment. The instruction, *supra*, is faulty in other respects. There is no evidence in the present record that the trains in question passed each other on the curve, nor that plaintiff himself was injured on the curve in defendant's track. On the contrary plaintiff's testimony establishes the fact, that the injury occurred at a point just outside of the curve. So much of the instruction, therefore, as submitted the issue as to an injury caused by the passage of the two trains *on the curve*, was unsupported by the evidence, and calculated to mislead and confuse the jury. Attention is called to these defects, in order to prevent their recurrence on a new trial. For the foregoing reasons, the judgment in this case is reversed and the cause remanded. All concur.