## FELTHAM *v.* SHARP.

*Lumpkin, J.*—An architect employed to prepare plans and specifications for a building and furnish an estimate of the probable cost is not, upon submitting the same, entitled to his fees unless the building can be erected at a cost reasonably approximating that stated in such estimate. Lloyd on Building & Buildings, §10; 29 Am. & Eng. Enc. of Law (title "Working Contracts"), p. 878 and notes.    *Judgment affirmed.*
July 20, 1896. By two Justices.

Complaint on account. Before Judge Sweat. Ware superior court. November term, 1895.

George Feltham, an architect and builder, sued J. S. Sharp upon an account for "professional services, preparing plans, specifications and details for the erection of a proposed store-building in Waycross, Ga., at an estimated cost of $4,300, at 3½ per cent. of such estimated cost." The jury found for defendant, and plaintiff's motion for a new trial was overruled.

Plaintiff testified: Defendant came to my office and employed me to prepare plans, specifications and details for the construction of a storehouse building on Plant avenue in Waycross. My commission was to be three and one half per cent. of the estimated cost of the building, which was about $4,300. I thereupon prepared rough plans, specifications and details, submitted them to defendant, and he made some suggestions in regard to the finishings and fittings of the building; and I thereupon made the plans, specifications and details, and furnished them to defendant. In order for the building to be constructed at the estimated cost, I advised defendant to advertise in the Savannah and Jacksonville papers for bids under these plans and specifications. This he failed to do, but simply submitted the plans and specifications to two local firms of builders, Rowbotham & Murphy and Miles & Bratt. Subsequently defendant said to me that he had been unable to purchase the property he desired on Plant avenue to put his storehouse on, and that therefore the building would not be built. Learning this, I went to his house and he returned to me the plans and specifications which I had prepared for him. Plans, specifications and details are always the property of the architect, just as tools of the carpenter are his property. The account is just, due and unpaid, etc. The preparation of these plans, specifications and details was reasonably worth what defendant contracted to pay me. This building, in my opinion, could have been constructed at the cost at which I estimated it, to wit, between four and five thousand dollars. Defendant called at my office several times

while these plans were being prepared, and I explained them to him in detail, and corrected them several times until they conformed to his ideas. When completed, they were turned over to him, and were by him submitted for bids upon them.

Defendant testified: I told plaintiff I intended putting up a storehouse building on Plant avenue, if I could arrange for a site; and he thereupon stated that he had some plans that he had made for a building in Brunswick, which he would like to show me. He did show me some rough sketches at his office one day. These plans, specifications and details, put in evidence by plaintiff, I think were afterwards prepared by him and shown to me. He advised me to advertise for bids under them, but this I never did. I have never employed him to draw any plans or specifications for me; nor have those plans and specifications ever been in my possession. Miles & Bratt submitted written bids under these plans. I threw them away, and do not know where they are. Miles & Bratt and Rowbotham & Murphy submitted bids to me; and my recollection is that the bid of Rowbotham & Murphy was $7,800, and that of Miles & Bratt about $9,000. Plaintiff was never at my house. He did this work, not under employment of me, but voluntarily. It is true I am not in the habit of having work of this kind and magnitude done voluntarily, but this was done that way.

Murphy testified: I was in partnership with Rowbotham; we were contractors and builders. We submitted to defendant a bid under these plans and specifications; and while I am not positive, my recollection is that our bid was about $7,800, not less than $7,000, which was as low as we could reasonably do it for. I do not recollect who submitted the plans and specifications to us; but I know that when our bid was made it was submitted to defendant. We were agents of certain manufacturing companies, and were in position to do the work lower than any one else.

The motion for new trial alleges, that the verdict is contrary to law and evidence; that the court erred in admitting the testimony as to the amount and contents of the bids, over objection that they were shown to be in writing, and the foundation for introducing secondary evidence had not been properly laid; and that the court erred in charging the jury as follows: "If you find as a matter of fact, that there was a contract or understanding or agreement between these parties, by which the plaintiff George Feltham was to make plans and specifications for a building to be erected in the city of Waycross for the defendant J. S. Sharp, to cost about four thousand dollars, and that he was to be paid three and one half per cent. upon the estimated cost of the same, and you shall find in that connection that the plans and specifications as made by the plaintiff for the building thus to be erected, when submitted to competent contractors for bids upon the erection of the building, disclosed the fact that the building in accordance with the plans and specifications so made by the plaintiff could not be erected for the sum as understood and agreed upon, about four thousand dollars, but the cost of the erection of such building in accordance with the plans and specifications as made would largely exceed that—would cost the sum of seven or nine thousand dollars, the court charges you that in that event, without any further understanding or agreement made and entered into between the parties, by which the defendant in any event was to pay for the plans, that he would not be liable to the plaintiff for the three and one half per cent. or any other sum, and would not be called upon to take and accept the plans as thus prepared, and to pay for them."

*Toomer & Reynolds*, for plaintiff.
*Leon A. Wilson*, for defendant.