## SCANLAN v. GULICK, Appellant.

Division One, November 21, 1906.

1. **EJECTMENT: Finding of Trial Court.** An ejectment is an action at law, and a finding by the trial court sitting as a jury that defendant had not made a deed of trust on the land of which plaintiff had notice prior to the time of the execution and record of the deed under which plaintiff claims, will be approved on appeal, where there is substantial evidence to support that finding.

199 Sup.—29

2. ————: **Instruction: Outstanding Title: Bona Fides.** A single instruction meant to cover the whole case should be refused if it leaves out any reference to the bona-fides of a deed of trust, which the evidence tends to show was made and recorded by defendant in order to give the land a fictitious trading value, and through which defendant seeks to establish an outstanding title.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*W. D. Jones* for appellant.

(1) Under the evidence introduced the judgment of the trial court should have been for the defendant because: (a) The evidence shows that the respondent, Scanlan, had notice of the unrecorded deed from Alexander Weems and wife to the appellant, Gulick, the deed of trust having been recorded and called to his attention in the abstract prior to his accepting of the deed of trust in which he claimed title. (b) He also had actual notice from appellant that he had executed a deed to Weems conveying the land in question, which deed was not recorded, but that the deed of trust from Weems to Gulick which was on record was given back to Gulick as a part of the purchase price of the land and that he, Gulick, had sold said deed of trust to S. M. Pickler. Miers v. Blume, 80 Mo. 179; Major v. Buckley, 51 Mo. 227; Green v. Miers, 98 Mo. App. 438; Randolph v. Wheeler, 182 Mo. 146; Myers v. Schuchmann, 182 Mo. 167. (2) The court should have given defendant's declaration of law, because: (a) It correctly declared the law applicable under the evidence in this case. (b) Though the case was tried before the court it was proper for the court to give the declaration of law. Cunningham v. Snow, 32 Mo. 593. The submission of the case to the court sitting as a jury in no wise takes away the statutory right. Cunning-

ham v. Snow, supra. In no other way can it be ascertained on what theory of the law the court determined the case. Hessy v. Goodwin, 90 Mo. 386; Clyburn v. McLaughlin, 106 Mo. 524.

*J. B. Harrison* for respondent.

(1) The remarkable defense interposed by appellant, being one of outstanding title, is very questionable, under all the facts and circumstances in this case. Chouquette v. Baraba, 33 Mo. 249. An outstanding title must be a present, subsisting and operating one, and such as the owner could recover on if he were asserting it in an action. McDonald v. Schnieder, 27 Mo. 405; Glasgow v. Baker, 14 Mo. App. 201; Lalier v. McTosh, 117 Mo. 508. Defendant cannot defeat a recovery by showing a valid lien, outstanding in favor of a third person, under a bona fide deed of trust, executed by defendant's grantor. Hutcheson v. Shelly, 133 Mo. 100. But, where an affirmative relief is set up as a defense, the defendant assumes the burden of proof. (2) The evidence is clear and convincing that Scanlan was the owner of the land, and that Gulick was in possession, and had been for four years previous to the date of filing the suit, that Scanlan's title and Gulick's title were from a common source, and there is no issue in this case upon this question; hence, we take it that the instruction asked for by defendant was properly refused.

GRAVES, J.—Action in ejectment by respondent against appellant to recover a certain tract of land in Phelps county, worth about $600 to $1,000. Petition is in the usual form. Answer was first a general denial, and then in a second count a specific plea of an outstanding title in one Alexander Weems. Replication, a denial of all new matter in answer.

The title passed regularly from the General Gov ernment to N. A. Wilson and W. I. Letton. On March 3,

1899, Wilson and wife conveyed to appellant, and on February 4 Letton and wife conveyed to appellant, so that on March 3, 1899, appellant had full title. September 11, 1901, appellant and wife executed a deed of trust to J. B. Harrison, trustee for J. W. Scanlan, this respondent, to secure the payment to respondent of a note of $143.74. February 9, 1903, this deed of trust was foreclosed and respondent became the purchaser of the land and received a trustee's deed therefor and thereafter he brought this suit. It was admitted that appellant was in possession at the time suit was brought, and the evidence showed that he had been in possession since about March 3, 1899. Respondent after introducing the abstract of title, showing the title in appellant as stated above, introduced the deed of trust and trustee's deed above mentioned and made proof of monthly rents and profits. The abstract of title was admitted in evidence by agreement in lieu of the instruments of conveyance. This abstract of title, besides showing the two deeds to appellant as aforesaid, did show a deed of trust executed by Alexander Weems and Nancy Weems to John Long, trustee for F. W. Gulick, appellant, to secure the payment of a $1,600 note, which deed of trust bears date July 24, 1899, and was filed for record November 1, 1899. Respondent likewise proved that appellant had been in possession of the land since he received the two deeds from Wilson and Letton.

Appellant then introduced evidence tending to show that prior to the execution of the deed of trust under which respondent purchased, he had made a warranty deed to Alexander Weems, and that he had taken the deed of trust for $1,600 above mentioned, for the purchase price, which deed of trust or a note secured thereby had been assigned to one S. M. Pickler. That he told respondent of these instruments at the time he gave him his deed of trust. That Alexander Weems

was deceased at the date of trial. All this was testified to by appellant, there being no other witness.

The cross-examination of appellant was rigid and directed along lines tending to show that the alleged unrecorded deed to Weems and the deed of trust given back by Weems were fraudulent and without consideration, and that the alleged transfer of the note was fraudulent and without consideration.

The testimony given by respondent denied any knowledge of the alleged unrecorded deed to Weems. It was further to the effect that at the time appellant gave him the deed of trust for $143.74, appellant said that he still owned the land and that the $1,600 deed of trust was placed there in order to give it a fictitious value to help sell the place.

The appellant asked the following declaration of law, which was by the court refused and exception saved:

"The court declares the law to be that notice is regarded in law as actual when the parties sought to be affected by it know of the particular fact in question or is conscious of having the means of knowing it although he may not employ the means in his possession for the purpose of getting further information. And in this case if it appears that there is a deed of trust recorded in the records of Phelps county, Missouri, conveying the real estate from one Alexander Weems and wife, to John Long, trustee for F. W. Gulick, and that said deed of trust was put upon the abstract which plaintiff procured, purporting to show his title in the real estate in question, then in that case there is sufficient notice to put the plaintiff upon his inquiry as to how the said Alexander Weems claimed title to the said real estate. And if it further appears from the evidence that the defendant had long prior to the execution of the deed of trust to plaintiff, conveyed said real estate to said Alexander Weems, then the defendant Gulick had not title thereto when he gave the deed of trust to

the plaintiff herein under which plaintiff claims title, and it devolves upon the plaintiff to recover upon the strength of his own title and not upon the infirmities of the defendant's title, and the issues will be found for the defendant.''

The trial was before the court and thereupon the court entered judgment in favor of respondent for the possession of the land in question and adjudged the monthly rents and profits to be $5 per month. After unsuccessful motion for new trial appeal was taken to this court.

I. It will be observed that by the evidence submitted to the trial court, the issue was squarely presented, as to whether or not there ever was a deed made by Gulick to Weems, and if so then the bona-fides of that deed and the deed of trust for $1,600. The two witnesses were before the court and after weighing the evidence the court found for respondent. This is an action at law, and this court will defer to the finding of the trial court as to the facts of the case. [Smith v. Royse, 165 Mo. l. c. 658, and list of cases there cited.]

In this Smith case, which is very similar to the case at bar, Brace, P. J., said: ''This is purely an action of law, in which we are not called upon to determine the weight of the evidence. The finding of the trial court is final upon that question.''

But if we did not defer to the finding of the trial judge, one could hardly read the testimony of Gulick without concluding that if he made a deed to Weems, at all, it was evidently done for the purpose of taking a deed of trust back for a sum exceeding the value of the land, in order to give it a fictitious trading value, and that he was in fact the owner of the land. This is what he told respondent in explaining the deed of trust.

II. The instruction asked by appellant would perhaps be good law in most cases, where the facts would authorize, but under the peculiar issues raised by the

evidence in this case, the court was justified in refusing it, for the reason that it left out of question the bona-fides of the two instruments of writing heretofore mentioned. A single instruction intended to present the law of the case should cover the whole case, it being the only instruction asked, as in this instance. [Lesser v. Railroad, 85 Mo. App. 326; Boothe v. Loy, 83 Mo. App. 601; Borden v. Falk Co., 97 Mo. App. 566; Drumm-Flato Com. Co. v. Bank, 107 Mo. App. 426.]

This in no way conflicts with the general rule, that if all the instructions taken together properly state the law of the case, it is sufficient. But in the case at bar only one instruction was asked, and it directed a judgment for appellant, without requiring the court to consider a material question presented by the evidence upon the part of respondent.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

All concur.