WILLIAM D. BRINCKLE *vs.* HOWELL S. ENGLAND.

1. WORK AND LABOR—RIGHT OF ACTION—PERFORMANCE OF CONTRACT.

If plaintiff prepared plans and specifications at defendant's request for the alteration of a building, he could recover a fair and reasonable sum as compensation, though defendant rejected the plans when prepared, if they substantially conformed to defendant's directions; but, if plaintiff was employed to furnish plans for alterations not to exceed a certain sum in cost, he cannot recover for preparing plans for alterations exceeding that sum, unless substantially the same.

2. WORK AND LABOR—ACTIONS—EVIDENCE.

In determining whether plaintiff substantially complied with defendant's instructions in preparing specifications for the alteration of a building, in an action for compensation for preparing them, the jury should consider the character of the alterations, whether the work was the construction of a new building, or altering another one, and any other evidence tending to show whether plaintiff complied with defendant's instructions as to the cost.

3. WORK AND LABOR—RIGHT OF ACTION—PERFORMANCE OF CONTRACT.

If specifications made by plaintiff for defendant for the alteration of a building made the cost of the alterations exceed that prescribed by defendant after plaintiff had begun to prepare the specifications, plaintiff could only recover for services rendered before being notified to limit the cost to a particular sum.

4. EVIDENCE—WEIGHING TESTIMONY—CREDIBILITY.

The jury should reconcile conflicting testimony, if they can, and, if they cannot, should be governed by that testimony which they deem most credible.

5. EVIDENCE—WEIGHT—PREPONDERANCE.

To authorize a verdict for plaintiff in an action for work and materials, the jury must be satisfied by the preponderance of the evidence that plaintiff has established his right to recover.

(*March* 29, 1910.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Edward W. Cooch* for plaintiff.

Charge.

*Horace G. Eastburn* for defendant.
Superior Court, New Castle County, March Term, 1910.

ACTION OF ASSUMPSIT (No. 73, November Term, 1909), to recover architect's fees for furnishing plans and specifications for alterations to a dwelling house of the defendant in Brandywine Hundred.

At the trial, when the plaintiff rested, counsel for defendant moved for a nonsuit, on the ground of variance between the proof and the bill of particulars filed, in that the bill of particulars called for delivered plans and specifications while the proof showed that the plaintiff retained the ownership of the plans and specifications, merely permitting them to be used by the defendant.

The court refused to order a nonsuit.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—In this action William D. Brinckle, the plaintiff, seeks to recover from Howell S. England, the defendant, the sum of $191, with interest from April 14, 1909, for certain plans and specifications which the plaintiff alleges that he, as architect, prepared at the request of the defendant, for certain alterations he proposed to make in his tenant house in Brandywine hundred in this county.

The plaintiff claims that the defendant told him what alterations he wished to make in his building, and asked him to prepare the plans and specifications therefor, but did not say anything about what the contemplated alterations should cost until after the plans and specifications were completed.

The plaintiff relies, in this action, upon what are known as the common counts, and particularly upon those for work and labor performed, and for materials furnished. He does not contend that there was any agreement on the part of the defendant to pay any definite sum for the plans and specifications that were to be furnished, but insists that he is entitled, under said common counts, to recover a fair and reasonable sum as compensation for his work and labor performed, and materials furnished, in the preparation and making of said plans and specifications.

2

Charge.

The defendant claims that he does not owe the plaintiff the sum sued for, or any part of it.

He sets up as his defense to the action that it was understood between the plaintiff and himself, at the very beginning of their negotiations, that he would not be expected to pay for the plans and specifications unless they were accepted. And in explanation of such agreement he contends that he informed the plaintiff, before he began his work, that the alterations covered by the plans should not exceed the sum of $1,500.

We say to you that if the plaintiff prepared the plans and specifications at the request of the defendant, for alterations that the defendant desired to make, and the defendant indicated to the plaintiff what such alterations were to be before the plans were prepared, then the plaintiff would be entitled to recover a fair and reasonable sum as compensation for his work, labor and materials, notwithstanding the defendant rejected or abandoned the plans, provided they reasonably and substantially complied with the defendant's instruction, and were in conformity with the alterations he proposed to make.

But if the plaintiff was employed to furnish plans and specifications for alterations that were not to cost over $1,500, he cannot recover in this action if the plans furnished provided for alterations the cost of which would substantially exceed that sum.

"An architect employed to furnish plans and specifications for the erection or alteration of a building is entitled to remuneration therefor, if they are made in accordance with the directions of the owner. He cannot recover, however, where the owner stipulates that the plans and specifications shall be for a building not to cost over a specified amount, if the plans and specifications made are for a building substantially exceeding that sum." 6 *Cyc.* 31; *Maack v. Schneider*, 57 *Mo. App.* 431; *Feltham v. Sharp*, 99 *Ga.* 260, 25 *S. E.* 619; *Ada St. M. E. Church v. Garnsey*, 66 *Ill.* 132.

The plaintiff was not required, however, to furnish plans that would make the cost of the alterations exactly the sum alleged to have been fixed by the defendant. It would be prac-

Charge.

tically impossible to comply with such a requirement; but the plans must not have substantially exceeded such sum.

In determining whether the plaintiff has substantially complied with the instructions received from the defendant, respecting the cost of the alterations, if you believe any such instructions were in fact given, you should consider all the testimony, including that which relates to the character of the work or alterations to be made,—whether it was the construction of a new building, or the alteration or remodeling, if an old one; and any other facts tending to show whether the plaintiff complied with his client's instructions so far as it was reasonably practicable for him to do.

It is not claimed that the plans and specifications furnished by the plaintiff were used in any way by the defendant in making the alterations in his house which were subsequently made, and therefore no recovery can be had by the plaintiff unless you are satisfied from the evidence that the plans and specifications, for which he seeks to recover, were made by him at the request of the defendant, and that they reasonably and substantially complied with the instructions given by the defendant.

But the plaintiff would be entitled to recover, notwithstanding the plans and specifications were not used by the defendant, and were in fact rejected by him; and notwithstanding they provided for alterations that would cost more than the defendant expected, provided they substantially complied with the defendant's instructions, were reasonably adapted to the alterations he desired to make; and provided, further, there was no limitation upon the cost of said alterations, which the plans and specifications substantially exceeded.

We may say in conclusion, gentlemen, that if you believe from the testimony that the defendant said to the plaintiff before the plans and specifications were prepared that the alterations should not exceed $1,500, and also believe that the plans and specifications furnished substantially exceeded that amount, your verdict should be in favor of the defendant.

On the other hand, if you believe that the defendant did not impose any such limitation on the cost of the alterations, before the services were rendered, and also believe that the plans and

specifications were in substantial conformity with the request of the defendant and with the alterations he proposed to make, your verdict should be in favor of the plaintiff for such sum as you think his services were reasonably worth.

But the plaintiff can recover only for such services as were rendered before receiving notice that the alterations to be provided for should not exceed the sum of $1,500, provided you believe such notice was in fact given.

So that the principal question you must determine is whether the defendant did, before the plans and specifications were prepared, impose any limitation upon the cost of the alterations he wished to make.

There is a decided conflict in the testimony, upon this fact. It is your duty to reconcile such conflict, if you can. If you cannot reconcile it, you should accept and be governed by that testimony which you think is most worthy of credit.

In order that the plaintiff may recover in this case you must be satisfied by the preponderance or weight of the testimony that he has established his right to recover.

The jury disagreed, and upon a retrial found a verdict for plaintiff.