ST. LOUIS UNION PACKING COMPANY, Appellant, v. THEODORE W. MERTENS, Respondent.

### St. Louis Court of Appeals, October 24, 1910.

1. **SALES: Implied Warranty: Merchantableness.** Where plaintiff agreed to sell, and defendant to buy, all the surplus ice to be manufactured by plaintiff, there was an implied warranty that it would be merchantable; so that the fact that it was not merchantable was a good defense to an action for refusal to take and pay for it.

2. **INSTRUCTIONS: Refusal: Ignoring Defenses.** It is not error to refuse an instruction asked by plaintiff, authorizing a verdict if certain facts are found, which ignores a defense sustained by the evidence, where no other instruction is asked by plaintiff to supply the deficiency; and especially is such refusal warranted, where the instructions given contained substantially everything that was in the refused instruction.

3. **———: Clerical Error: Using "Defendant" Instead of "Plaintiff:" Appellate Practice.** Mere clerical errors in an instruction in using "defendant" and "defendant's" instead of "plaintiff" and "plaintiff's," where the jury could not fail to understand what was meant, in view of the evidence, is not ground for reversal.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Grimm,* Judge.

AFFIRMED.

*Ernest C. Dodge* for appellant.

Instructions which are likely to mislead and confuse the minds of the jury should not be given. Clarke v. Kitchen, 52 Mo. 316; Belt v. Goode, 31 Mo. 128; Harrison v. Franklin, 126 Mo. App. 366; Neff v. City of Cameron, 111 S. W. 1139; State v. Pettitt, 119 Mo. 410; Stegman v. Berryhill, 72 Mo. 307; Shortal v. St. Joseph, 104 Mo. 114; State v. Meals, 184 Mo. 244. Error is presumed to be prejudicial. Clark v. Fairley, 30 Mo. App. 335.

. *P. A. Griswold* for respondent.

(1)   There is an implied contract between plaintiff and defendant that the ice furnished by plaintiff to defendant under the contract offered in evidence should be of a merchantable quality.   Gardner v. Gray, 4 Camp. 144; Benjamin on Sales, sec. 657, p. 607; 15 Am. and Eng. Ency. Law, p. 1235.   (2)   The fact that the court in its instructions one and two used in some places the word "plaintiff" where it should have used the word "defendant," and the word "defendant" where it should have used the word "plaintiff," does not constitute reversible error.   Shortel v. City, 104 Mo. 114; State v. Meals, 184 Mo. 244.

CAULFIELD, J.—The plaintiff agreed to sell and the defendant to buy and take daily, at three dollars per ton, all of the ice manufactured at plaintiff's plant during the six months ending October 31, 1906, and not needed by plaintiff in its packing business, not exceeding, however, forty tons per day during May and October.   Defendant was a dealer in ice, wholesaling and retailing ice for ordinary uses.

The contract was fully complied with up to October, but during that month defendant refused to take, in all, 137 19-20 tons which, at the contract price, was worth $413.85, and for this amount plaintiff sued.

After instituting the suit and upon the trial, the plaintiff conceded that it had used one-third of the said refused ice in icing cars and that the defendant should have credit for $137.95, therefor, thus reducing plaintiff's actual claim to $275.90.   All of said refused ice not so used or disposed of by the plaintiff was lost by melting and disintegration.

The suit having originated in a justice's court, there was no pleading filed upon the part of the defendant, but the defense adduced at the trial in the circuit court and supported by ample evidence, was

that the ice refused was not of a merchantable quality, all of it being oily and red and having salt in it, so that it was not fit for the ordinary uses to which ice is put. There was also evidence tending to prove that plaintiff used in icing cars more than one-third of the ice refused, and should have still further reduced its claim on that account. The verdict and judgment were for defendant and plaintiff appeals.

1. It is first contended that the court erred in refusing to give the following instruction offered by plaintiff:

"The court instructs the jury that if they believe and find from the evidence that there was a special contract read in evidence, between plaintiff and defendant, by which the plaintiff agreed to sell and defendant agreed to take all the surplus ice at the plant of plaintiff during the months from May to October, inclusive, and not over forty tons per day during May and October, 1906, and to pay for same at the rate of $3 per ton on the tenth of the month following delivery, and if the jury believe and find from the evidence that the defendant was offered ninety-two tons of said ice during October, 1906, and plaintiff complied with all the terms of said agreement and defendant refused to pay for said ice according to the terms of said agreement, the plaintiff is entitled to a verdict in the sum of $275.90, with interest from May 25, 1907, to date of filing suit."

The fault of this instruction is, that while it directs a verdict, it does not cover the whole case. There was an implied warranty that the ice would be merchantable, and it was a good defense to show that it was not. [Lee v. Sickles Saddlery Co., 38 Mo. App. 201; Cullen v. Bimm, 37 Ohio St. 236; Murchie v. Cornell, 155 Mass. 60.] Though in this case there was ample evidence tending to sustain it, that defense was entirely ignored by the instruction; and no other instruction asked by the plaintiff attempted to supply the

deficiency. The court did not err in refusing this instruction. [Clark v. Hammerle, 27 Mo. 55; Lee v. The Sickles Saddlery Co., 38 Mo. App. 201; Maack v. Schneider, 57 Mo. App. 431; Carroll v. The People's Ry. Co., 60 Mo. App. 465; Scanlan v. Gulick, 199 Mo. 449, 97 S. W. 884.] This is especially true in view of the fact the instructions given by the court of its own motion contained in substance all that was contained in those refused, and fairly presented all the issues.

2. It is next contended that the court erred in giving two instructions of its own motion, as follows:

"1. The court instructs the jury that if they believe and find from the evidence that plaintiff and defendant entered into the written contract dated April 11, 1906, which was read in evidence, by which plaintiff agreed to take all surplus ice made at defendant's ice plant during the months from May to October, 1906, inclusive, not over forty tons per day during said period of time and to pay for same at the rate of $3 per ton on the tenth of the month following delivery, and if the jury believe and find from the evidence that the defendant was offered the surplus of defendant's manufacture to the amount of forty tons per day, and that defendant did not take said surplus up to forty tons per day, but failed or refused to take a portion thereof, then your verdict must be for plaintiff for such quantities of said surplus up to forty tons per day which defendant refused to take, provided that the ice which defendant failed or refused to take was ice of a merchantable quality.

"2. If the jury find for the plaintiff your verdict will be for the contract price of $3 per ton for the number of tons of the surplus product of defendant's plant up to forty tons per day, which you find from the evidence that defendant rejected, diminished, however, by the reasonable value of such portion of said rejected ice as you find from the evidence was used or disposed of by plaintiff.''

The point made against these instructions is that the word "defendant" was used therein where the word "plaintiff" should have been used, the instructions, speaking of ice made or produced at *"defendant's"* ice plant and of *"defendant's"* manufacture, where they should have mentioned ice made or produced at *"plaintiff's"* ice plant and of *"plaintiff's"* manufacture. We are not impressed with this contention. The only ice plant talked of or referred to at the trial was *plaintiff's* ice plant, and the only ice talked of or referred to at the trial was that manufactured by the plaintiff at plaintiff's plant. In fact, the contract was admitted, and there was no dispute or suggestion whatever at the trial except as to the quality of the surplus ice manufactured by plaintiff at its plant, and how much of it plaintiff had used after its rejection by the defendant. The jury could not fail to understand that the court meant to refer, as does the entire evidence, to plaintiff's ice plant and the ice manufactured by plaintiff therein. The errors complained of are mere clerical errors, readily discoverable upon reading the instructions, and should not furnish the basis for the reversal of the judgment. [Shortel v. City, 104 Mo. 114, 16 S. W. 397; State v. Meals, 184 Mo. 244, 83 S. W. 442.] In the cases cited by appellant the circumstances were such that the jurymen were not apt to discover the error and may have been confused or misled by the ambiguity or misuse of words. In that respect they differ from this case.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.