LEE WINKELMAN, Respondent, v. KANSAS CITY ELECTRIC LIGHT COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1905.

1. **ELECTRIC WIRES: Negligence: Insulation: Degree of Care.** Persons maintaining electric wires must use the utmost care to insulate them thoroughly and keep them so and an instruction to this effect is approved.

2. ——: ——: ——: **Injury.** And the fact that one coming in contact with such wires is injured is conclusive evidence of imperfect insulation and therefore of negligence.

3. ——: ——: ——: **Sudden Break.** In regard to what would be the effect of a sudden break followed by injury before the owner learned thereof or could repair the same is not decided.

4. ——: ——: ——: **Contributory Negligence.** Where the injured party is guilty of contributory negligence there is no liability.

5. **ACTION: Pleading: Ordinance.** Though a petition declare on an ordinance regulating electric wires and the ordinance is not introduced in evidence, yet, if the petition after rejecting the allegations relating to the ordinance contains enough to constitute a good cause of action at common law it will support the judgment.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Boyle, Guthrie & Davison* for appellant.

(1)    The plaintiff pleaded a liability by reason of the alleged violation of an ordinance. No evidence of

any ordinance was introduced. The plaintiff was permitted to recoved on an alleged common law liability. This he was not entitled to do under the pleadings. McManamee v. Railroad, 135 Mo. 447; Holliday v. Jackson, 21 Mo. App. 660; Hansberger v. Railroad, 43 Mo. 196; Kansas City v. Hart, 60 Kan. 684; Railroad v. Wyler, 158 U. S. 285. (2) The plaintiff should not have been permitted to recover under an instruction stating that the defendant would be liable in case of the existence of the defect, if it knew or should have known thereof, in the absence of evidence showing knowledge or duty to know. Marr v. Bunker, 92 Mo. App. 651. (3) Under the evidence in this case, the court erred in giving the plaintiff's second instruction that it was the duty of the defendant to use every precaution which was accessible to insulate these wires at the point where the accident occurred. Geismann v. Electric Co., 173 Mo. 678. (4) The court erred in refusing the defendant's third instruction to the effect that if the defendant used the best insulation procurable for the purpose; that it had been there such a length of time that men familiar with the business would not have expected it to have deteriorated and that it was in fact in good condition; and that the injury occurred because of a concurrence of special circumstances not reasonably to be expected, plaintiff could not recover. Skipton v. Railroad, 82 Mo. App. 134; Graney v. Railroad, 157 Mo. 683; Fuchs v. St. Louis, 167 Mo. 620; Kane v. Falk Co., 93 Mo. App. 209. (5) The plaintiff, by his own testimony, was guilty of contributory negligence, which was therefore a question for the court, and the peremptory instruction for the defendant should have been given. Poindexter v. Paper Co., 84 Mo. App. 352; Harff v. Green, 168 Mo. 308; Davies v. Railroad, 159 Mo. 7; Roberts v. Telephone Co., 166 Mo. 384; Holding v. St. Joseph, 92 Mo. App. 143.

*I. N. Watson* and *D. W. Brown* for respondent.

(1)   If there was a variance between the cause of action alleged and the evidence introduced it was waived by defendant.   It should have proceeded as provided in section 655, Revised Statutes 1899, and filed an affidavit as therein required.   Olmstead v. Smith, 87 Mo. 602; Ridenhour v. Railroad, 102 Mo. 270; Bank v. Leyser, 116 Mo. 51; Howard Co. v. Baker, 119 Mo. 406. (2)   There was no variance because the petition stated a good common law action for negligence leaving out the ordinance.   In short, the ordinance is but declaratory of the common law duty to properly insulate wires carrying such dangerous currents of electricity. Eliminate the ordinance and the petition states a good cause of action at common law.   Anderson v. Railroad, 161 Mo. 411; Geismann v. Electric Co., 173 Mo. 654.  (3) The court committed no error in giving plaintiff's first instruction.   There was ample evidence to support same.  (4)   Appellant contends that plaintiff's second instruction erred in telling the jury, ''that it is the defendant's duty to use every precaution which was ascessible to insulate its wires or wire at that point.'' Geismann v. Elec. Co., 173 Mo. 670; McLaughlin v. Elec. Co., 34 L. R. A. 812.  (5)   Plaintiff was not guilty of contributory negligence as a matter of law.   Geismann v. Elec. Co., supra; McLaughlin v. Elec. Co., 100 Ky. 173, 34 L. R. A. 812.

ELLISON, J. — Plaintiff instituted his action against defendant for damages resulting to him by reason of coming in contact with one of defendant's electric wires.   The judgment was for plaintiff in the trial court.

It appears that plaintiff was on what is known as a swinging scaffold hung down beside the brick wall of a building and was engaged, with a trowel and mortar, in repointing the wall.   The defendant's wires

were stretched on poles along near the wall and were about twenty feet from the ground. Plaintiff came in contact with one of the wires and received such a shock as to render him unconscious. He was also burned about the hand, arm, shoulder and hip.

1. It is urged that the following instruction was erroneous in not restricting defendant's duty to use every "reasonable" precaution which was accessible. The point being that by omitting the word "reasonable," the court held defendant too strictly, viz.: "The court instructs the jury that if you find that at the time and place in question, the plaintiff was in a place where his business required him to be, and where he had a right to be, and if the defendant knew, or by the exercise of ordinary care would have known, that persons were liable to come in contact with its wire or wires in the performance of their duties, if you find persons were liable to come in contact with said wire or wires in the performance of their duties, then it was its duty to use every precaution which was accessible to insulate its wire or wires at that point, and at all points where the plaintiff would have the right to go to attend to his business, and to use the utmost care to keep them so, and, for personal injuries, if any resulting from its failure in that regard, it is liable in damages."

There are various degrees of care required in different jurisdictions with reference to the various dangerous appliances and methods now in use. In some courts it is held, even as to such exceedingly dangerous appliances as electricity, that "ordinary care," or, "reasonable care," is what is required. While in others an extraordinary degree of care is required. That is to say, something more than mere reasonable care. The case of Geismann v. Missouri Electric Co., 173 Mo. 654, 678, undoubtedly puts this State with the latter class, for it is there expressly said that the law requires more than keeping the wires reasonably safe.

But in consideration of the extended discussion of the Geismann case and the conflicting views which counsel have taken of it, and the binding obligation on this court of what is there said, we will state our understanding of the rule there laid down. The particular part of the opinion discussed is the following paragraph: ''It follows from these authorities (which the court had just reviewed) that it was defendant's duty, in the first place, to use every protection which was reasonably accessible to insulate its wires at the point of contact or injury in this case, and to use the utmost care to keep them so, and the fact of the death of Geismann is conclusive proof of the defect of the insulation and negligence of the defendant, and as to whether he was guilty of contributory negligence or not was a question for the jury.''

In our opinion the rule established by that decision is that the utmost degree of care (more than ordinary care) should be used both in insulating the wires and in keeping them insulated. When the court uses the expression in the first part of the paragraph, ''reasonably accessible,'' it was meant, reasonably, in view of the extraordinarily dangerous appliance. In dealing with some ordinary appliance, only ordinarily dangerous, much less effort would be considered a reasonable effort than if the appliance was one of the most dangerous, deceptive and destructive known. So when the court said that every protection ''reasonably accessible'' must be used in the first place in protecting the wires, and the ''utmost care should be used to keep them so,'' the two expressions should be taken to mean the same thing—a statement of the same matter in different words. For, considering the noiseless, hidden and destructive power of electricity, a reasonable effort to control it is nothing short of the utmost effort— nothing less than the utmost would be a reasonable effort. That the court did not intend the word, ''reasonably,'' to mean anything different from the words,

"utmost care," is further evidenced by the fact that it had just quoted approvingly from McLaughlin v. Louisville Electric Light Co., 100 Ky. 173, where it was laid down, in express terms, that those maintaining electric wires should have them so insulated that they would be, not reasonably, but *absolutely,* free from danger; and to that end should have had *perfect* insulation, and the fact that such character of insulation was very expensive or inconvenient was no excuse.

We therefore hold it to be the duty of those who maintain such appliances to use the utmost care to thoroughly insulate the wires and to keep them so insulated.

2. Furthermore, the rule laid down in the McLaughlin case by necessary implication conclusively assumes that if an injury results from contact with the wire that the person in care of the wire has not had it, or has not kept it, perfectly insulated, and therefore that he has been negligent. In that case an instruction was asked by the plaintiff reading: "The injury to the plaintiff is conclusive proof of the defective insulation and of the negligence of the defendant." And the court said, in effect, that in view of what it had written, the instruction became unimportant. But in Clements v. Electric Light Co., 44 La. Ann. 692, the statement made in that instruction is expressly stated to be the law. The rule laid down in those cases is adopted by the Supreme Court in the Geismann case.

We, therefore, hold that the fact that plaintiff was hurt by his contact with the wire is conclusive evidence that it was not perfectly insulated and that thereby the utmost care had not been exercised and that defendant was guilty of negligence. The authorities referred to assume that perfect insulation may be had and that the utmost care will provide it and thereby make the wires safe. [Perham v. Portland Electric Co., 33 Oregon 451, 477.]

3. It was not said in the Geismann case, and we,

of course, do not say, that if the insulation of the wires was perfect and was kept so, that a sudden breaking or disrupting of the insulation by an unforeseen accident, such, for instance, as some heavy weight falling upon the wire, and an injury following before the owner could learn of it or repair the wire, that liability would follow. But the cases referred to and the case at bar were not of that kind.

4. Notwithstanding the strict rule thus applied, there would be no liability where the complaining party has himself been guilty of negligence contributing to the injury. In the present case the plaintiff was where he had a right to be and the question of his negligence was fully submitted to the jury under proper instructions; and the evidence justified a finding in plaintiff's favor on that head.

5. It is suggested that the cause of action was grounded on a city ordinance. That the petition declared on the ordinance regulating electric wires and that no ordinance was introduced in evidence. But notwithstanding the ordinance (with its terms and requirements) was pleaded, yet rejecting such portions of the petition there was a good action at common law remaining. In such case the petition will be held to support the action as developed by the evidence. [Geismann v. Electric Co., supra; Anderson v. Railroad, 161 Mo. 411.]

The conclusion we have stated necessarily disposes of the points made against the judgment and it will be ordered affirmed. All concur.