GEORGE H. CESSNA, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 4, 1906.

1. MASTER AND SERVANT: Negligence: Contributory Negligence: Assumption of Risk: Live Electric Wire. On the evidence the case is held properly sent to the jury on the question of negligence. The servant is not required to assume that the master will permit the presence of a dangerous agency in the servant's working place when there is no use or purpose for such agency to serve, and the fact that the servant may know that such agency could be present, does not require him to assume such dereliction on the part of the master. Cases considered.

2. ————: ————: ————: ————: ————: Instructions. Instructions are considered and approved and disapproved. An order to two men to do a certain act is an order to each and obedience by either is obedience to the order.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *S. C. Price* for appellant.

(1) Under the facts in this case it should be held that plaintiff assumed the risk incident to the employ-

ment.   Harrington v. Railroad, 104 Mo. App. 663; Cothron v. Packing Co., 98 Mo. App. 343; Minier v. Railroad, 167 Mo. 99; Grattis v. Railroad, 153 Mo. 380; Smith v. Hammond Co., 11 Mo. App. 13; Kleine v. Freunds, 91 Mo. App. 102; Bradley v. Railroad, 138 Mo. 303; Harff v. Green, 168 Mo. 312; Lucey v. Oil Co., 129 Mo. 40; Holloran v. Iron Co., 133 Mo. 477; Berning v. Medart, 56 Mo. App. 448; Junior v. Light Co., 127 Mo. 83; Marshall v. Press Co., 69 Mo. App. 260; Bullivant v. Spokane, 14 Wash. 577; Fisher v. Railroad, 77 Mich. 546; Feeley v. Cordage Co., 161 Mass. 426; Railroad v. Brown, 142 Ind. 664; 1 Labatt on Master and Servant, secs. 267, 268, 274a; Nugent v. Milling Co., 131 Mo. 241.   (2) The demurrer to the evidence should be sustained because under the evidence in this case no negligence can be attributed to defendant; or if there was negligence on the part of the defendant, it was not the proximate cause of the injury.     Molyneux v. Railroad, 81 Mo. App. 29; Heinzle v. Railroad, 182 Mo. 555 et seq.; Kelley v. Railroad, 75 Mo. 142; Holman v. Railroad, 62 Mo. 562; Warner v. Railroad, 178 Mo. 125; Paden v. Van Blarcom, 100 Mo. App. 185; Paden v. Van Blarcom, 181 Mo. 117.   (3)  The demurrer to the evidence should have been sustained because under the evidence, and especially plaintiff's own evidence, he was guilty of contributory negligence in coming in contact with the trolley wire, if in fact he did come in contact with it, and this contributory negligence on the part of the plaintiff is a bar to his recovery.   Hogan v. Railroad, 150 Mo. 36; Fanning v. Transit Co., 103 Mo. App. 151; McGauley v. Transit Co., 179 Mo. 583; Hite v. Railroad, 130 Mo. 132.   (4)   The court erred in giving plaintiff's instructions.   Oil Co. v. Zinc Co., 98 Mo. App. 324; Borden v. Falk Co., 97 Mo. App. 566; Drumm-Flato Co. v. Bank, 107 Mo. App. 426; State v. Lentz, 184 Mo. 223.   (5) The plaintiff's sixth instruction should not have been given, under the pleadings in this case.   Hamilton v. Crowe, 175 Mo. 634; McClure v. Feldmann, 184 Mo.

710. (6) The court erred in refusing defendant's instructions. See authorities under point I.

*W. O. Cardwell* and *Boyle, Guthrie & Smith* for respondent.

Filed argument.

ELLISON, J.—Plaintiff was engaged in defendant's employ as a carpenter and while doing work for the latter received personal injury charged to have been caused by negligence. The judgment was for the plaintiff.

Defendant owned a powerhouse and car barn in which there were ten or twelve tracks on which cars were run in. Over each of these tracks was a trolley wire running overhead. In working on a partition being constructed in the barn, it became necessary for plaintiff to go up on the top of a ladder some twelve or fifteen feet from the ground and while there he came in contact with a water pipe on one side and a charged trolley wire on the other, resulting in a shock which caused him to fall and receive serious injury. The negligence alleged and relied upon is in permitting the electric current in the wire without warning plaintiff. The defense was that plaintiff assumed the risk of the dangerous current being in the wire and of his coming in contact therewith; and also that he was guilty of contributory negligence.

Among other uses to which the building was put, was that of repair of trolley cars, and the wires were used in moving these cars in or out of the building, or from one place to another in the building. The electric current which furnished the power was admitted at the rear and could, at any moment, have been easily cut off by throwing an electric switch provided for that purpose. There was no necessity for the current to be in the wires except when electric cars were in the barn

and at the time plaintiff was hurt there were no cars there.

On the question of plaintiff having assumed the risk of injury from the electric current in the wire, under the circumstances which the evidence in his behalf show to have existed at the time, we think there is little room for dispute; and we have no hesitation in holding that the demurrer to the evidence which defendant offered so far as concern that ground, was properly refused.

Nor do we see any reason for declaring, as a matter of law, that plaintiff was guilty of contributory negligence. We must consider the case from his standpoint, that is to say, we must consider as established fact all that the evidence in his behalf tends to show. From such standpoint, plaintiff had no warning that an electric current might be in the wire. Nor should it be held that the circumstances required him to assume that there was. The servant is not required to assume that the master will permit the presence of an unseen and unheard dangerous agency when there is no use or purpose for such agency to serve. And though the servant may know that such agency *could* be present, but only through gross carelessness or neglect of the master, he is not required to assume such dereliction on the master's part.

The cases cited in briefs of the respective counsel establish and illustrate the general rule applicable to cases of this nature. The cases of Geismann v. Electric Co., 173 Mo. 654, and Winkelman v. Electric Light Co., 110 Mo. App. 184, did not involve a question between master and servant as does this case, but what is there stated serves to show the view of the courts in this State as to the hidden and dangerous agency of electricity carried from point to point on wires. So the cases of Stevens v. United Gas & Electric Co. (N. H. 1905), 60 Atl. 848; Alexander v. Light Co., 209 Pa. St. 571, and Knowlton v. Des Moines Co., 117 Iowa 451, while not directly applicable to the particular facts of

the present case are helpful to an understanding of the nature of the care incumbent upon both the plaintiff and defendant.

There were many instructions given for defendant. We consider that they are more liberal in some respects than the case justifies, but as the verdict was in plaintiff's favor he, of course, does not and cannot complain. We think no error was committed in refusing those refused for defendant. What was proper in them was sufficiently covered by those given.

The instructions given for the plaintiff are not justly subject to the criticism made upon them. And this is true as to numbers 1 and 6 especially criticized. An order given to plaintiff by defendant's foreman to nail an end of a studding as charged in the petition is properly supported by proof that the order was given to plaintiff and one Barker, without specifying which of the two should do the act; and an instruction on the latter theory was not at variance with the petition. The order was an order to each, and obedience by either, was obedience to the order.

After a complete examination of the record and briefs of counsel, we conclude there is no ground for interference and the judgment is affirmed. All concur.