## HOLMAN OVERSTREET, Respondent, v. C. W. STREET, Appellant.

**Kansas City Court of Appeals, April 3, 1911.**

1. **WARRANTY: Instruction.** The error in an instruction, which reads "that unless the jury believed the *defendant* guaranteed the mare to be sound," etc., when it should have read, *plaintiff*, is not prejudicial where it is clear that plaintiff was meant.

2. ————: ————. An instruction which refers to the mere expression of opinion of soundness (of a horse in a trade) as not constituting a warranty unless so understood by the parties and solely relied upon, is not erroneous in view of the evidence in this case and the sharp issue of warranty.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*R. M. Bagby* and *A. W. Walker* for appellant.

*O. S. Barton* for respondent..

ELLISON, J.—This action, begun before a justice of the peace, is based on a bank check for fifty dollars given by the defendant to the plaintiff. The judgment in the trial court was for the plaintiff.

It appears that plaintiff owned a saddle mare and defendant owned a mare with a suckling mule colt. They traded, the defendant paying fifty dollars difference in the agreed values. He gave plaintiff the check in controversy for the money, but before it was cashed he ordered the bank upon which it was drawn, not to pay it.

Defendant not only resisted a judgment for the amount of the check, but asked allowance of a counterclaim for $75 by way of damages in the trade. He based this claim on the breach of an express warranty of the

soundness of the mare, which he contends plaintiff made to him; and whether there was such warranty was the issue tried. There was no objection made to evidence for either party and we have only to determine whether there is reversible error in plaintiff's instructions.

Criticism of the first instruction for plaintiff is on account of its reading that unless the jury believed the "defendant" guaranteed the mare to be sound, and etc., when it should have read "plaintiff." It is quite apparent that this is a clerical error and is of no consequence. The instruction, as a whole, showed that plaintiff was meant. The same may be said of the use of the word "all" in another instruction.

Objections to instructions Nos. 2 and 5, are based upon their embodying the proposition that defendant relied upon the warranty. Conceding this to be erroneous, it was manifestly harmless. But, aside from that, it was an error in which defendant joined, for in his instruction he uses the same qualification.

Instruction No. 4 for plaintiff, in referring to the mere expression of opinion of soundness as not constituting a warranty unless so understood by the parties and solely relied upon by defendant, was a mere abstraction. It did not direct a verdict for plaintiff in the event the warranty was not solely relied upon by defendant, and seems to have been only a statement of a proposition of law. It was doubtless offered and given as applicable to defendant's own admission that he made no examination of plaintiff's mare because of the fact, as he asserted, that plaintiff had made the warranty. His theory was that a warranty was made and that he relied upon that solely. In view of the evidence in the case and the sharp issue of warranty or no warranty, it would be hypercritical to say that instruction harmed the defendant by misleading the jury. If it had directed a verdict upon the legal proposition stated, there would have been a dangerous chance of it misleading or confusing the jury. In view of the fact that nothing con-

trary to it was asked by defendant and that the only instruction which he did ask plainly submitted his theory of the case, we think it would be allowing a barren technicality to annul a verdict which, clearly, was not obtained through any misconception by the jury.

The issue of fact was fully and fairly submitted to the lawful triers of facts, and we must abide by the result. The judgment is affirmed. All concur.

## ON REHEARING.

A re-examination of this case on rehearing strengthens our conviction that the errors of which complaint is made are technical and were without any effect on the jury. So clearly is the judgment for the right party that it would be unjust to disturb it for the sake of mere technical accuracy.

Affirmed. All concur.