H. A. CAMPBELL, Respondent, v. SPRINGFIELD TRACTION COMPANY, Appellant.

Springfield Court of Appeals, February 12, 1914.

1. **MASTER AND SERVANT: Personal Injuries: Contact with Live Wire: Evidence Reviewed.** In an action by a servant for injuries occasioned by contact with a live wire, where the evidence shows that the plaintiff was in a place the defendant's foreman ordered him to be, that he received the shock which injured him by contact with a live wire while there, and that defendant knew that the place at which the injury occurred was a place where it could reasonably expect its employees would be, a prima-facie case was made and the trial court properly overruled a demurrer to the evidence.

2. ———: **Injury from Contact with Live Wire: Contributory Negligence: For the Jury.** In an action by a servant for injuries occasioned by contact with a live electric wire where a prima-facie case is made, the question of contributory negligence is one of fact for the jury.

3. ———: **Use of Electric Agencies: Degree of Care Required by Master.** An employer using electricity in connection with his work must exercise the highest degree of care to keep the wires so insulated or guarded as to prevent injury to employees.

4. ———: **Injuries: Extent of: Question for Jury.** Where an employee, injured by contact with a live electric wire, worked for some time after the injury and did not claim to be injured until after he had had trouble with the foreman, whether he was injured at all and the extent of such injuries were questions for the jury and their verdict is conclusive.

5. **INSTRUCTIONS: Clerical Error in: Not Ground for Reversal.** The mere clerical error in the use of the word "plaintiff" where the word "defendant" should occur in an instruction is not a ground for reversal.

6. MASTER AND SERVANT: Injuries to Servant: Permanent Injuries. In an action by a servant for injuries occasioned by contact with a live wire where the evidence showed that the plaintiff's thumb was made stiff, that he had not been able to work at manual labor since the injury as he had before, that his hearing was made worse by the injury and scars had been left on his body as the result thereof, there was sufficient to warrant submitting to the jury the question of permanent injury.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Delaney & Delaney,* for appellant.

(1) The court erred in declaring the degree of care required of defendant by instructing that the very highest degree of care was required. Chrismer v. Bell Tel. Co., 194 Mo. 189; Kelley v. Lawrence, 195 Mo. 75; Bennett v. Himmelberger, 116 Mo. App. 699; Dunn v. Nicholson, 117 Mo. App. 374; Browning v. Railroad, 118 Mo. App. 449; Loehring v. Westlake Co., 118 Mo. App. 163; Kane v. S. L. K. C. Co., 112 Mo. App. 650; Rigsby v. Oil Co., 115 Mo. App. 297; Wojtylak v. Coal Co., 188 Mo. 284. (2) The court erred in permitting plaintiff and the various witnesses to testify that the connections with the mixer could have been made differently; and the power to operate could have been furnished differently; and that such connections and ways would have been safer than the conditions used and way resorted to. Post v. C. B. & Q. Ry., 121 Mo. App. 562; Bennett v. Himelberger, 116 Mo. App. 699; Kelley v. Lawrence, 195 Mo. 75; Dunn v. Nicholson, 117 Mo. App. 374; Browning v. Railroad, 118 Mo. App. 449; Leohring v. Westlake Co., 118 Mo. App. 163. (3) The case falls in the domain of conjecture, and as it is equally reconcilable with contributory negligence, or with the theory of inexplicable unforeseen and unanticipated accident pure and simple as with negli-

gence on the part of defendant, the verdict must be for defendant. Garranson v. Ritter Mfg. Co., 186 Mo. 300; Purcell v. Tennent Shoe Co., 187 Mo. 276; McGrath v. S. L. T. Co., 197 Mo. 97; Candle v. Kirkleride, 117 Mo. App. 412; Zeigermeyer v. Goetz Co., 113 Mo. App. 330; Bloomfield v. Worster Const. Co., 118 Mo. App. 254. Where work is of a shifting nature, the rule, obtaining generally between master and servant for a safe place, is relaxed, is modified. Dickey v. Dickey, 111 Mo. App. 304; Gibson v. Midland Co., 112 Mo. App. 594; Nash v. K. C. Co., 109 Mo. App. 600; Meehan v. S. L. M. Co., 114 Mo. App. 396; Bloomfield v. Worster Co., 118 Mo. App. 254. (5) Where, in an instruction, a higher degree of care is declared than the law warrants; where the instruction enlarges the issue as made by the petition; where it assumes material facts which are controverted in the issues; and where it purports to be on the whole case and yet omits material issues and matters of defence, such instruction is erroneous. In all of these respects instruction number one is faulty and fatal. Imboden v. S. L. T. Co., 111 Mo. App. 220; Haas v. Met. Ry. Co., 128 Mo. App. 79; Kerchner v. Concord Co., 127 Mo. App. 262; Wren v. Met. Ry., 125 Mo. App. 604; Bolles v. Railroad, 134 Mo. App. 696; Klein v. S. L. T. Co., 117 Mo. App. 691; York v. City of Everton, 121 Mo. App. 640; Bond v. C. B. & Q. Ry., 122 Mo. App. 207; Scandlan v. Gulick, 199 Mo. 449; Flaherty v. S. L. T. Co., 207 Mo. 318. (6) Every servant on entering service assumes those risks which are ordinarily and naturally incident to the character of work engaged in. Blundell v. Miller Mfg. Co., 189 Mo. 552; Lee v. S. Louis Co., 112 Mo. App. 372; Kane v. S. L. K. C. Co., 112 Mo. App. 650; Rigsby v. Oil Co., 115 Mo. App. 297. (7) The refusal to give Instruction "I" was error. This is bottomed on our defense of contributory negligence. It is the defense interposed. It is correctly declared. It is not covered by any other instruction. Holmes v. Brandenbaugh,

172 Mo. 53; Sheppard v. S. L. T. Co., 189 Mo. 362; Tinkle v. Railroad, 212 Mo. 445; Hardwood Co. v. Dent, 121 Mo. App. 108.

*Moon & Moon,* for respondent.

(1) Instruction number one, given by the court declaring that the very highest degree of care was required is correct, because it is the law in cases of this character. Trout v. Gas Co., 151 Mo. App. 207, 132 S. W. 58; Clark v. Railroad Co., 234, Mo. 396, 137 S. W. 583; Geisman v. Missouri-Edison Electric Co., 173 Mo. 654; Ryan v. St. Louis Transit Co., 190 Mo. 621; Young v. Oil Co., 185 Mo. 635; Von Treba v. Gas Co., 209 Mo. 648; Winkleman v. Light Co., 110 Mo. App. 184. (2) Not necessary to define "highest degree of care and foresight." Hyde v. Transit Co., 102 Mo. App. 537. Clerical error by court in using word "plaintiff" in place of "defendant" in instruction number 2, harmless error. Shortel v. City St. Joe, 104 Mo. 114; Wall v. Casualty Co., 111 Mo. App. 504; Bank v. Godsoll, 8 Mo. App. 596. (4) The admission of the evidence complained of by appellant could not possibly be prejudicial against appellant in the face of the law which required appellant to use the utmost care. No objection was made at trial on the ground that it was a conclusion. And the witnesses told the jury how and in what manner the wire could have been placed and protected. Harrison v. Light Co., 195 Mo. 634. (5) Assumption of risk is an affirmative defense and to be available must be pleaded. McMullen v. Railroad, 60 Mo. App. 231. (6) Even an instruction that purports to cover the whole case, need not cover defendant's defense. Meily v. Railroad Co., 215 Mo. 567.

FARRINGTON, J.—This is an action for damages for personal injuries. Plaintiff recovered a judgment for one thousand dollars. Defendant has appealed.

The evidence in this case shows that plaintiff was an employee of the defendant company which maintained and operated a street railway system in the city of Springfield, driving its cars by the use of electricity. The injury in question was inflicted near defendant's car barns where plaintiff was engaged as a common laborer to assist in making a concrete foundation. The cement used in this work was prepared in a mixer which stood on a car on one of the tracks of the defendant company and which was operated by means of a wire carrying electric current to it. The injury occurred between five and six o'clock in the evening. The evidence of the plaintiff was that he was called by defendant's foreman and told to come and help move the mixer and that in performing this service his foot came in contact with the wire which carried the electric current to the machine. There is some conflict, but substantial evidence was introduced to show that the plaintiff was at the time he was injured at a place not only where he could be expected but where according to his testimony he was ordered to be by defendant's foreman. He testified that he first felt the shock coming through his foot and that in some way he was knocked down and one of his hands came in contact with the wire carrying the current. All the witnesses so testified as to show beyond question that the plaintiff came in contact with the wire and that he was severely shocked and that after his fellow workmen had gotten him loose from the wire he turned blue or black in the face. Plaintiff testified that the pain was intense and that he suffered great mental anguish. He reported for work the following morning, and sometime during the forenoon of the second or third day following the accident was sent to the company's physician who gave him some treatment the character of which is not disclosed. He was put to work carrying water, his condition being such that he was unable to perform the duties he had been engaged in. He had worked on this

job and around this cement mixer for several days on
this occasion and had also worked at some previous
time around the same mixer when it was operated in
practically the same way as it was when he was hurt.
The evidence shows that in order to convey the electric
current to the mixer it was necessary to splice a wire
and carry it along on the ties under some of the cars to
make a connection with the mixer. The place where
this wire was spliced was not insulated, but the evi-
dence shows that a board or boards were placed over
the uninsulated point in the wire. Plaintiff was about
twenty-two years of age when injured. His testimony
concerning the injuries sustained is that a scar was
left on his arm, that a hole was left in his back about
as big as his thumb, that his hearing, though not good
prior to the injury, had been much impaired, and that
he had lost much sleep and suffered much pain, and
had been unable from the time of the injury to the time
of the trial to perform the same character of work he
had theretofore been able to perform.

The following instructions were given (among
others):

"1. The court instructs the jury that it was the
duty of the defendant to exercise the highest degree of
care and foresight to have and keep its wires, which
were charged with a current of electricity such as to be
dangerous to human life or safety if exposed, so insu-
lated or guarded as to prevent injury to persons in its
employ, by contact therewith while in the performance
of their duty. So if you believe and find from the evi-
dence that the defendant negligently caused to be
placed about or near the place where the plaintiff was
working a wire so charged with electricity as to render
it dangerous, and that a part of such wire at or near
the place where plaintiff was working was not insu-
lated or guarded and that such lack of insulation or
guard rendered it dangerous, that plaintiff in the per-
formance of his work was called upon to pass over or

near said wire, and while so engaged, and while himself in the exercise of ordinary care, he stepped upon said uninsulated or unguarded portion of the wire and was injured thereby, then you will return a verdict for the plaintiff.

"2. You are instructed that although you find and believe that the plaintiff (defendant?) did not use the highest degree of care to protect or insulate the wire, yet if you further find that the plaintiff was himself guilty of negligence and that such negligence directly contributed to his injury, then you will find for the defendant. And you are instructed that by negligence is meant a want of ordinary care.

"3. If you find for the plaintiff, then you should award him such sum as in your judgment will reasonably compensate him for loss by way of injury to his person he has sustained as a result of any injury he may have received, taking into consideration any pain of body or mind suffered, any such pain that you may believe he is reasonably certain to suffer in the future, and the permanent character of his injury, if you believe he was injured permanently, not to exceed the sum of seven thousand five hundred dollars."

The instructions given at the request of the defendant required the jury to find that defendant had been guilty of negligence before they could consider the injury; told them that negligence must be proven, and that the fact that the accident occurred was no proof of negligence, and that any damages allowed must be limited to such as the plaintiff actually sustained, and were not to be given as punishment, or as fanciful and remote damages merely because the defendant is a corporation.

Defendant asked nine instructions which were refused, many of them being so erroneous as to justify the action of the trial court and the remainder being adequately covered by those given.

Appellant contends that its demurrer to the evidence should have been sustained. We think the evidence sufficiently shows—indeed, for the purpose of the demurrer, it is admitted—that plaintiff was ordered by defendant's foreman (or had a right) to be where he was when he was injured; that he actually came in contact with the wire and received a severe shock; and that the defendant knew that the place at which the injury occurred was a place where it could reasonably expect its employees to be. This, according to all the decisions in Missouri dealing with actions for injuries resulting from contact with "live" wires, is sufficient to make a prima-facie case.

In this connection, appellant finds fault with instruction number one, claiming that the trial court thereby placed too great a liability on appellant in requiring it to use the highest degree of care in protecting and properly insulating its wire. The law is so well settled in this State concerning injuries received by contact with the wires of those using electricity that nothing remains to be done but cite the cases which thoroughly approve instructions similar to number one. These cases also hold that where a prima-facie case is made, as here, the question of contributory negligence, which is also argued by the appellant, is one of fact which must be determined by the jury—and, we may say after a careful examination of this record that we readily agree with the jury in its finding that plaintiff was not guilty of contributory negligence. The cases above mentioned are as follows: Geismann v. Electric Co., 173 Mo. 654, 73 S. W. 654; Ryan v. St. Louis T. Co., 190 Mo. 621, 89 S. W. 865; Von Treba v. Gaslight Co., 209 Mo. 648, 108 S. W. 559; Winkelman v. Electric Light Co., 110 Mo. App. 184, 85 S. W. 99; Clark v. Railroad, 234 Mo. 396, 137 S. W. 583; Davenport v. Electric Co., 242 Mo. 111, 145 S. W. 454; Campbell v. United Rys. Co., 243 Mo. 141, 147 S. W. 788; Trout v. Laclede Gaslight Co., 151 Mo. App.

207, 132 S. W. 58; Id., 160 Mo. App. 604, 140 S. W. 1198; Downs v. Telephone Co., 161 Mo. App. 274, 143 S. W. 889. The opinion in the Clark case supra, so clearly upholds the instructions given for the plaintiff and condemns the instructions asked by the defendant in our case on the degree of care required of persons using electricity, that we quote from it: "In fact, respondent's instructions were more favorable to appellant than it was entitled to under the law. They only required appellant to exercise ordinary care toward maintaining its electric wires in a safe condition, while the authorities before cited, with great unanimity hold that it owed respondent in that regard the highest degree of care and foresight. No other rule would meet the necessity of the situation. Electricity is the most dangerous and deadly agency known to man, subtle and invisible, and ordinarily, incapable of being detected by the unskilled in electricity. For those reasons the law imposes the utmost care upon those who use and maintain that deadly agency at all places where persons have the right to go for business or pleasure."

It is noteworthy that among all the cases cited by appellant on the question of the highest degree of care, not one discusses the question where the injury was caused by contact with an electric wire.

Appellant in its brief lays stress upon the fact that plaintiff worked for it for some time after the injury was sustained and that he did not claim to be seriously injured until after having some trouble with appellant's foreman, the theory being that this would show plaintiff's injury was pretended rather than real. The question whether he was injured at all and the extent of his injury was clearly one of fact and was concluded by the verdict of the jury. In passing, it may be noted that in the recent case of Kane v. Railroad, 251 Mo. 13, 157 S. W. 644, it is held that the fact that plaintiff at the time of the accident did not believe he

was seriously injured and that he continued to work off and on for six weeks, does not prove that he was not seriously injured.

The second instruction, evidently through a clerical error, used the word "plaintiff" where the word "defendant" should have been used. No one with ability to read the English language and comprehend what he reads would be misled by this mistake. In the case of Shortel v. City of St. Joseph, 104 Mo. 114, 121, 16 S. W. 397, we find this language: "'The defendant's first instruction uses in one place the word plaintiff when it should be defendant, and in another place the word defendant when it should be plaintiff; still these are mere clerical errors readily discovered upon reading the instructions and constitute no ground for reversal." [See, also, Lucas Market Savings Bank v. Goldsoll, 8 Mo. App. 596; Wall v. Casualty Co., 111 Mo. App. 504, 530, 86 S. W. 491; St. Louis Union Packing Co. v. Mertens, 150 Mo. App. 583, 587, 131 S. W. 354; Day v. Dry Goods Co., 114 Mo. App. l. c. 487, 89 S. W. 903; State v. Meals, 184 Mo. l. c. 257, 83 S. W. 442.]

Complaint is made of the action of the trial court in permitting witnesses to testify that the connection could have been made in an entirely different way which would have been a safer way. The allegations in the petition would seem to be broad enough to permit such testimony to be introduced as the charges of negligence are that the defendant negligently failed to properly insulate the connecting wire and negligently failed to so place and guard said connecting wire as to protect plaintiff from the dangerous and deadly current which was passing through such connecting wire. Besides, defendant is held because it failed to properly insulate or protect the wire so that the plaintiff would not be injured. It failed to do this at the place and in the manner in which it chose to make use of said wire,

and it is a failure to perform this duty that makes defendant guilty of actionable negligence. Enough facts were brought to light by the witnesses to disclose the actual condition that prevailed, and this condition was sufficient to justify the verdict.

Appellant contends that instruction number two is prejudicially erroneous, and makes this statement in its brief: "It also submits the question of permanent injury and authorizes the jury to award damages for permanent injury when there is not a scintilla of evidence tending to show permanent injury." Instruction number two (which is hereinbefore set forth) has absolutely nothing to do with the question of permanent injury. We assume that appellant's counsel intends this criticism for instruction number three. The point is answered by calling attention briefly to the following facts found in the record: That plaintiff's thumb was made stiff; that plaintiff had been unable since the injury to work at manual labor as he had before the injury; that plaintiff's hearing had been worse since the injury than it had ever been before; and that as a result of the injury scars were left on plaintiff's body. It is unnecessary to collate authorities to support the proposition that such evidence was sufficient to warrant the submission to the jury the question of permanent injury. The verdict being for only one thousand dollars, the jury evidently allowed very little for the permanent injuries testified to, for they considered first the damages they should allow for the physical pain and mental anguish suffered and made proper allowance therefor.

What we have just said sufficiently disposes of appellant's contention that excessive damages were allowed.

Much space is taken up in appellant's brief in discussing the action of the trial court in refusing a number of appellant's requested instructions. In this opinion we have attempted to fairly set forth the facts,

the instructions that were given which are criticised, and the result that was reached. In our judgment, the trial court in the instructions adequately covered every issue presented and properly declared the law in a fair and impartial manner. Our examination reveals no reversible error. The judgment is accordingly affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.