**Jerry McKINEY, Plaintiff-Appellant,**

v.

**Al HARRINGTON and Allen Lee Harrington, Defendants-Respondents.**

**No. 12067.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 8, 1981.

William D. Powell, M. Douglas Harpool, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for plaintiff-appellant.

Stephen L. Shepard, Springfield, for defendants-respondents.

FLANIGAN, Judge.

On October 12, 1978, on U. S. Highway 65 in Dallas County, a pickup truck operated by plaintiff Jerry McKiney collided with a farm tractor operated by defendant Allen Harrington (Allen). Immediately prior to the collision both vehicles were proceeding northwardly on the north-south two-lane highway. At the time of the impact Allen was in the process of making a left turn into an east-west driveway of a farm located on the west side of the highway. The tractor driven by Allen was owned by his father, defendant Al Harrington (Harrington), who witnessed the collision. Harrington, driving a pickup truck, was traveling behind the tractor.

In his petition plaintiff sought $5,155 for damage to his pickup. The parties stipulated that the collision occurred while Allen was acting in the scope of his employment by his father. Both defendants filed counterclaims. Allen sought recovery for personal injuries and Harrington sought recovery for property damage to the tractor plus alleged business losses. A jury trial resulted in a verdict against plaintiff on the petition. The jury awarded Allen $15,000 on his counterclaim and Harrington $4,000 on his counterclaim. Plaintiff appeals.

Plaintiff asserts that the trial court erred in giving, at the request of defendants, Instruction 13 and Instruction 17. Instruction 13 was the verdict-director on Allen's counterclaim and Instruction 17 was the verdict-director on Harrington's counterclaim. Although both instructions contain the same defect, only Instruction 13 is set out marginally.[1]

It will be observed that Paragraph Third of Instruction 13 reads: "Third, as a direct result of such negligence, *Plaintiff* sustained damage ..." (Emphasis added.) Plaintiff argues that the instruction is erroneous for the reason that the word "Plaintiff" should not have been used and that the instruction should have required a finding that defendant Allen sustained damage as a direct result of plaintiff's negligence. Defendants concede the error but argue that it was not prejudicial.

■ A deviation from Missouri Approved Instructions "is not only error, it is presumptively prejudicial error." *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 786[1] (Mo. banc 1977). See Rule 70.02(c) V.A.M.R. The court in *Means* also stated: "Prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation."

Several Missouri cases, most of them antedating MAI, have dealt with complaints

---

1. "Instruction No. 13:

Your verdict must be for Defendant Allen Harrington on his counterclaim for damages if you believe:

First, either Plaintiff failed to keep a careful lookout, or Plaintiff drove at an excessive speed, or Plaintiff failed to sound his horn before starting to pass a 1960 Model 35 Massey-Ferguson tractor, and

Second, Plaintiff in any one or more of the respects submitted in paragraph first was thereby negligent and

Third, as a direct result of such negligence, Plaintiff sustained damage, unless you believe Defendant Allen Harrington is not entitled to recover by reason of Instruction No. 14."

(Instruction 14 submitted, as a defense, the contributory negligence of Allen.)

of instruction error where the error consisted of using "plaintiff" instead of "defendant," or vice versa. Most of those cases have held the error to be non-prejudicial in light of the facts and the overall content of the specific instruction. These cases include *Reorganized Sch. Dist. No. 2 v. Missouri Pacific R. Co.*, 503 S.W.2d 153 (Mo. App.1973); *Cass v. Pacific Fire Ins. Co.*, 224 S.W.2d 405 (Mo.App.1949); *Jarrett v. St. Francois County Finance Co.*, 185 S.W.2d 855 (Mo.App.1945); *Macke v. Harris*, 27 S.W.2d 1079 (Mo.App.1930); *Campbell v. Springfield Traction Co.*, 178 Mo.App. 520, 163 S.W. 287 (1914); *Overstreet v. Street*, 154 Mo.App. 546, 136 S.W. 727 (1911); and *Shortel v. City of St. Joseph*, 104 Mo. 114, 16 S.W. 397 (Mo.1891). In each of these cases the court held that the mistake could not have misled the jury or was "easily discoverable upon reading the instruction," *Macke v. Harris*, supra, or was "quite apparently a clerical error." *Overstreet v. Street*, supra. On the other hand, against different factual backgrounds where the mistake might have caused the jury to be confused or misled, the error was held to be prejudicial. *Harrison v. Franklin*, 126 Mo. App. 366, 103 S.W. 585 (1907); *Stegman v. Berryhill*, 72 Mo. 307 (1880).

"An obvious mistake in the use of the words 'plaintiff' and 'defendant' in an instruction which the court gave to the jury will furnish no ground for reversal, where the proper reading of those words can be readily discerned, or (to put the matter in another form), where the mistake is so evidently clerical as to permit no possibility of error on the part of the ordinary reader.... Where a mistake in the use of the words 'plaintiff' and 'defendant' has occurred in an instruction, in circumstances which make it questionable whether or not the jury would correctly interpret the court's language, the error is fatal to judgment." *Schipper v. Brashear Truck Co.*, 132 S.W.2d 993, 996 (Mo.1939).

█ It is elementary, of course, that a person seeking recovery for personal injuries from a negligent tortfeasor must show negligence, causation and injury. Here the mistake in Instruction 13 was repeated in Instruction 17. Each instruction, which directed a verdict on a counterclaim, did require the jury to find that plaintiff was negligent but neither required the jury to find that the respective defendant sustained damage as a direct result of plaintiff's negligence. If the first clause of Paragraph Third had been completely omitted from the two instructions their insufficiency would be manifest. Does the inclusion of the clause, wrongly worded, accord them a different fate?

█ There were three parties to this action, one plaintiff and two defendants, and all three were claiming to have sustained damage as a direct result of the negligence of the opponent. Each party relied on contributory negligence as a defense to the affirmative claim of the opponent. Whether the mistakes in the two instructions did in fact generate confusion perhaps cannot be definitely known.[2] Plaintiff did not concede the elements of causation and defendants' damage.[3]

This court holds that defendants have failed to make it "perfectly clear" that no

---

**2.** The plaintiff's cause of action was of course repugnant to the counterclaims. A juror, if he followed proper instructions, would have to find against plaintiff on the petition if he found in favor of either counterclaim. Eleven jurors signed the verdict for Allen on his counterclaim but only ten jurors signed the verdict on the petition. Nine signed the verdict on Harrington's counterclaim.

The transcript contains this entry:

"After the jury retired to consider their verdicts, the bailiff announced that the jury had a

question. The jury was then called to the courtroom and upon their return, one of the jurors asked the court whether the jury could find against both parties. The court instructed the jury that they must read and follow the instructions previously submitted to them."

**3.** Although Harrington's tractor was damaged, as photographs showed, there was no concession by plaintiff that Allen was injured. Allen was not hospitalized.

prejudice could have resulted from the deviation from MAI, *Means v. Sears, Roebuck & Co.*, supra. The mistake was not "so evidently clerical as to permit no possibility of error on the part of the ordinary reader." *Schipper v. Brashear Truck Co.*, supra. If this type of deviation, one so basic, is to be excused, almost any deviation could be justified as a mere clerical error.

The judgment is reversed and the cause is remanded for a new trial on all the issues.

GREENE, P. J., and TITUS, J., concur.